IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RAY HICKS, | |
| Petitioner, | |
| v. | CIVIL ACTION |
| | No. |
| JOHN E. WETZEL, Secretary, Pennsylvania Department of Corrections; ROBERT GILMORE, Superintendent of the State Correctional Institution at Greene; and MARK GARMAN, Superintendent of the State Correctional Institution at Rockview, | **THIS IS A CAPITAL CASE** |
| Respondents. | |

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND APPOINTMENT OF FEDERAL HABEAS CORPUS COUNSEL

Petitioner, Charles Ray Hicks, an indigent, death-sentenced prisoner who is entitled to federal habeas corpus review of his conviction and death sentence, moves to proceed *in forma pauperis* and for the appointment of federal habeas corpus counsel pursuant to *McFarland v. Scott*, 512 U.S. 849 (1994), and 18 U.S.C. § 3599(a)(2). In support of this *Motion*, Petitioner states the following:

## INTRODUCTION

1. Petitioner, Charles Ray Hicks, Prisoner No. LX-7908, is in the custody of the Commonwealth of Pennsylvania at the State Correctional Institution at Greene, under a sentence of death.

2. On November 14, 2014, following a jury trial in the Monroe County Court of Common Pleas, Petitioner was convicted of one count of first-degree murder and related charges. *Commonwealth v. Hicks*, CP-45-CR-0000391-2008 (Monroe C.P.). On November 18, 2014, the jury entered a death verdict. On January 6, 2015, the court formally imposed sentence. The Pennsylvania Supreme Court affirmed Petitioner's convictions and sentence of death on March 28, 2017. *Commonwealth v. Hicks*, 156 A.3d 1114 (Pa. 2017). Petitioner timely filed a petition for writ of certiorari in the United States Supreme Court, which that court denied on October 2, 2017. *Hicks v. Pennsylvania*, No. 16-9657, *Order* (U.S. Oct. 2, 2017).

3. Under current Pennsylvania law, a warrant of execution is imminent. Upon denial of certiorari, the Supreme Court of Pennsylvania transmits the record of Petitioner's case to the Governor, who is then required to issue a warrant of execution within the next ninety days, scheduling the defendant's execution. *See* 42 Pa. C.S. § 9711(i)(2); 61 Pa. C.S. § 4302(a)(1). The issuance of a death warrant is mandatory. *Id.*

4.  As described more fully below, Petitioner has not yet had any federal review of his conviction and death sentence and is entitled to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of that conviction and sentence. Petitioner is financially unable to obtain counsel for these proceedings.

5.  Petitioner is entitled to the appointment of counsel pursuant to *McFarland v. Scott*, 512 U.S. 849 (1994), and 18 U.S.C. § 3599(a)(2).[1] The Office of the Federal Public Defender for the Middle District of Pennsylvania Capital Habeas Unit ("Middle District CHU") is willing and qualified to represent him. The Middle District CHU possesses special expertise in capital jurisprudence and qualifies for appointment as capital habeas counsel under the standards set forth in 18 U.S.C. § 3599(a)(2).

6.  The Office of the Federal Defender for the Middle District of Pennsylvania is recognized by the United States Courts as a Federal Defender Organization pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act. See *Addendum to the Plan for the Implementation of the Criminal Justice Act of 1964,*

---

[1] Since this motion seeks only *in forma pauperis* status and appointment of federal counsel, it involves issues upon which the state Respondent has no standing. *See Death Row Prisoners of Pennsylvania v. Ridge*, 948 F. Supp. 1278, 1278 n.2 (E.D. Pa. 1996) (noting defendants/respondents "lack of standing to object to the appointment of counsel."); *see also Walter v. Beard*, No. 1:09-cv-02465, *Order*, (March 15, 2010) (Kane, C.J.). As a courtesy, counsel has nevertheless served this motion on Respondents' counsel.

*As Amended, 18 U.S.C. § 3006A, of the United States District Court for the Middle District of Pennsylvania and the Eastern District of Pennsylvania.* Accordingly, the office receives funding from the Administrative Office of the United States Courts to provide representation to Pennsylvania's death-sentenced prisoners in federal habeas corpus proceedings in the Middle District of Pennsylvania. As a result, it will not bill the Court for fees and expenses. The Middle District CHU will also assume financial responsibility for expert and investigative services necessary for this case.

**PARTIES**

7. Charles Ray Hicks, Prisoner No. LX-7908, is incarcerated by the Pennsylvania Department of Corrections, and is currently confined in the State Correctional Institution at Greene, under a sentence of death.

8. Respondent, John E. Wetzel, is Secretary of the Pennsylvania Department of Corrections.

9. Respondent, Robert Gilmore, is Superintendent of the State Correctional Institution – Greene, and currently maintains custody of Petitioner.

10. Respondent, Mark Garman, is Superintendent of the State Correctional Institution – Rockview, and is responsible for supervising executions in the Commonwealth of Pennsylvania.

## ENTITLEMENT TO RELIEF

**A.     Petitioner is Financially Unable to Obtain Counsel.**

11.     Petitioner is "financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services" in this habeas corpus matter.  18 U.S.C. § 3599(a)(2).  "A person is 'financially unable to obtain counsel . . . if the person's net financial resources and income are insufficient to obtain qualified counsel." GUIDE TO JUDICIARY POLICY, Vol. 7A, Ch. 2, § 210.40.30(a), Standards of Eligibility; *see also id.* § 210.40.30(a) ("Any doubts as to a person's eligibility should be resolved in the person's favor.").

12.     Petitioner has been represented in all stages of his state court proceedings by court-appointed or *pro bono* counsel. *See Commonwealth v. Hicks*, CP-45-CR-0000391-2008 (Monroe C.P.) (represented at trial by the Monroe County Public Defender's Office); *Commonwealth v. Hicks*, No. 718 Cap. App. Dkt. (Pa.) (represented on direct appeal by Monroe County Public Defender's Office); *Hicks v. Pennsylvania*, No. 16-9657 (U.S.) (represented by pro bono counsel and granted leave to proceed *in forma pauperis*).  Petitioner has been continuously incarcerated by the Commonwealth of Pennsylvania since his conviction and has been without gainful employment during that time.  Petitioner does not have the financial resources to obtain federal habeas corpus counsel or to obtain the investigative and

5

expert services reasonably necessary for the preparation of his federal habeas corpus petition.² *See* 18 U.S.C. § 3599(a)(2).

### B. Petitioner Is Entitled to Appointment of Federal Habeas Corpus Counsel.

13. Petitioner is financially unable to obtain counsel and is entitled to file a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. He has not previously filed a federal habeas corpus petition. He cannot do so without the appointment of qualified counsel to investigate, prepare, and present the claims that are available to him in federal habeas corpus.

14. Section 3599(a)(2) provides:

> In any post conviction proceedings under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

15. This statute grants a first time, indigent, capital habeas corpus petitioner "a mandatory right to qualified legal counsel." *McFarland v. Scott*, 512 U.S. 849, 854 (1994); *see also* GUIDE TO JUDICIARY POLICIES AND PROCEDURES, Vol. VII, Ch. VI, § 6.01A.2 ("A financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254, is entitled to appointment of one

---

² Petitioner's *Application to Proceed in District Court Without Prepaying Fees or Costs* demonstrating his continuing status as an indigent person has been separately filed, *ex parte* and under seal, for this Court's review.

or more qualified attorneys."). This right is triggered simply by the filing of a motion requesting the appointment of habeas counsel. *McFarland*, 512 U.S. at 856-57 ("We therefore conclude that a 'post conviction proceeding' within the meaning of § 848(q)(4)(B) [now codified at 18 U.S.C. § 3599(a)(2)] is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his habeas corpus proceeding.").

16.  By way of this submission, therefore, jurisdiction has been conferred upon this Court, entitling Petitioner to the appointment of habeas corpus counsel.

   C.  **Because the State Direct Appeal Process Has Been Completed, Triggering the Running of the Statute of Limitations, Federal Appointment is Appropriate at this Time.**

17.  A state prisoner's federal habeas corpus statute of limitations begins to run once direct appeal proceedings are concluded. *See* 28 U.S.C. § 2244(d)(1).  As Mr. Hicks' direct appeal proceedings have concluded, his one-year federal statute of limitations has begun to run.  Accordingly, he is entitled to appointment of federal habeas counsel. *See Walter v. Beard*, No. 1:09-CV-2465, *Order* at 3 (M.D. Pa. Mar. 15, 2010) (Kane, C.J.) (Doc. 7) (recognizing that "once an indigent capital defendant files a motion requesting appointment of counsel, as petitioner has done in this case, [he] is granted 'a mandatory right to qualified legal counsel'" (quoting *McFarland v. Scott*, 512 U.S. 849, 854 (1994)); *Dick v. Beard*, No. 1:10-CV-00988, *Order* (M.D. Pa. July 6, 2010) (Jones, J.) (Doc. 4); *Parrish v. Wetzel*, No. 1:14-cv-00966, *Order* (M.D. Pa. June 3, 2014) (Conner, C.J.) (Doc. 8); *Mattison v. Wetzel*, No. 1:14-CV-

02042, *Order* (M.D. Pa. Nov. 10, 2014) (Kane, J.) (Doc. 7); *Patterson v. Wetzel*, No. 3:15-CV-00882, *Order* (M.D. Pa. May 18, 2015) (Mariani, J.) (Doc. 4); *Woodard v. Wetzel*. 3:16-CV-02262 (M.D. Pa. Nov. 17, 2016) (Mannion, J.) (Doc. 6).

18. Habeas corpus is not simply an appellate proceeding, but rather an original civil action in a federal court. *See, e.g., Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 269 (1978); *Neely v. United States*, 546 F.2d 1059, 1065 (3d Cir. 1976). A proper, counseled capital habeas petition can be prepared only after counsel has both reviewed the existing record and conducted an exhaustive extra-record investigation of the case. Given the complexity of capital litigation and the time required to properly litigate such cases, counsel needs – and is entitled to – time for meaningful preparation. *See, e.g., Riley v. Taylor*, 62 F.3d 86 (3d Cir. 1995) (district court abused discretion when it denied habeas counsel six months to properly prepare and amend capital habeas corpus petition).

19. Petitioner's Habeas Petition is due to be filed in this Court on October 2, 2018, which is one year after the completion of his direct appeal. 28 U.S.C. § 2244(d)(1)(A). Undersigned counsel suggest that a status hearing be held in 180 days, at which time counsel can apprise the Court of their progress on the case and any other pertinent matters.

## PRAYER FOR RELIEF

ACCORDINGLY, Petitioner respectfully requests that the Court:

    1.    Grant Petitioner permission to proceed *in forma pauperis*; and

    2.    Appoint the Middle District of Pennsylvania, Federal Public Defender, Capital Habeas Unit to represent Petitioner.

Respectfully submitted,

<u>s/Kelly D. Miller</u>
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)

Dated: October 27, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing *Motion for Leave to Proceed in Forma Pauperis and Appointment of Federal Habeas Corpus Counsel* to be served on the following person at the location and in the manner indicated below, which services satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST-CLASS MAIL
D. Elmer Christine, Esquire
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360


s/Kelly D. Miller
KELLY D. MILLER


Dated: October 27, 2017