IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RAY HICKS, | : | No. 1:17-CV-1969 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| JOHN E. WETZEL, Secretary, Pennsylvania Department of Corrections; ROBERT GILMORE, Superintendent of the State Correctional Institution at Greene; and MARK GARMAN, Superintendent of the State Correctional Institution at Rockview, | : | THIS IS A CAPITAL CASE |
| Respondents. | : | |

**ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Presently before the court is a motion for leave to proceed *in forma pauperis* and for appointment of federal habeas corpus counsel, filed by counsel on behalf of petitioner Charles Ray Hicks. (Doc. 1.) For the reasons that follow, the motion (Doc. 1) will be granted.

Petitioner is a state prisoner who has been sentenced to death following his 2014 convictions for first degree murder and related charges in the Court of Common Pleas of Monroe County, Pennsylvania. On March 28, 2017, the Supreme Court of Pennsylvania affirmed petitioner's convictions and death sentence. Commonwealth v. Hicks, 156 A.3d 1114 (Pa. 2017). Petitioner's timely petition for writ of certiorari was denied on October 2, 2017. Hicks v. Pennsylvania, No. 16-9657, Order (U.S. Oct. 2, 2017).

Petitioner now wishes to file a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state convictions and sentence. Consequently, petitioner is seeking appointment of counsel pursuant to McFarland v. Scott, 512 U.S. 849 (1994) and 18 U.S.C. § 3599(a)(2). Section 3599 provides, in relevant part,

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f) [(relating to conditions of appointment)].
> 18 U.S.C. § 3599(a)(2).

In McFarland, the United States Supreme Court construed this statutory right to counsel to include the right to legal counsel prior to the filing of a formal federal habeas corpus petition and held that "a 'post conviction proceeding' within the meaning of [§ 3599(a)(2)] is commenced by the filing of a capital defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." McFarland, 512 U.S. at 856-57. Accordingly, once a capital defendant files a motion requesting appointment of counsel, as petitioner has done in this case, he is granted "a mandatory right to qualified legal counsel." Id. at 854. This right to counsel "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." Id. at 858. The Supreme Court cautioned that "[w]here this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper.'" Id. (quoting Barefoot v. Estelle, 463 U.S. 880, 889 (1983)). Here, because

2

the court concludes that petitioner is indigent, (see Doc. 2-3), and the Office of the Federal Public Defender for the Middle District of Pennsylvania Capital Habeas Unit ("Middle District CHU") has demonstrated that it possesses the special expertise in capital jurisprudence and thereby qualifies for appointment as capital habeas counsel under the standards set forth in 18 U.S.C. § 3599(a)(2), the court will grant petitioner's motion for appointment of the Middle District CHU as counsel.

Finally, petitioner informs the court that his federal habeas petition is due to be filed on October 2, 2018, or one (1) year after the completion of his direct appeal. See 28 U.S.C. § 2244(d)(1)(A). Petitioner suggests that, rather than issuing a scheduling order at this time, the court require counsel for petitioner to file a status report in 180 days apprising the court of the procedural posture of any of petitioner's state court proceedings or other pertinent matters. The court agrees with this suggestion.

ACCORDINGLY, this 30th day of November, 2017, for the reasons set forth herein, it is hereby ORDERED that:

1. The motion for leave to proceed *in forma pauperis* (Doc. 1) is GRANTED. See 28 U.S.C. § 1915(a)(1).

2. The motion to appoint counsel (Doc. 1) is GRANTED. The Federal Public Defender for the Middle District of Pennsylvania Capital Habeas Unit is APPOINTED to represent petitioner Charles Ray Hicks in the captioned action. See 18 U.S.C. § 3599(a)(2); see also id. § 3599(a)(2)(c).

3. Counsel for petitioner shall file a status report apprising the court of the procedural posture of petitioner's state court proceedings and any other pertinent matters on or before May 29, 2018, and every forty-five (45) days thereafter, or until further order of court.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania
