# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES RAY HICKS,** | : | No. 1:17-CV-1969 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN E. WETZEL**, Secretary, Pennsylvania Department of Corrections; **ROBERT GILMORE**, Superintendent of the State Correctional Institution at Greene; and **MARK GARMAN**, Superintendent of the State Correctional Institution at Rockview, | : | THIS IS A CAPITAL CASE |
| Respondents. | : | |

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Presently before the court is petitioner Charles Ray Hicks' motion for leave to file document *ex parte* and under seal. (Doc. 2.) In the motion, petitioner requests that his financial affidavit (Doc. 2-3) in support of his motion for leave to proceed *in forma pauperis* and for appointment of federal habeas corpus counsel (Doc. 1) be filed *ex parte* and under seal. After review of the documents filed by petitioner (Doc. 2), and for the reasons set forth herein, the court will deny petitioner's motion.

In support of his motion to seal, petitioner suggests that because his motion for leave to proceed *in forma pauperis* and for appointment of federal counsel has triggered his "mandatory right to qualified legal counsel," McFarland v. Scott, 512 U.S. 849, 854 (1994), the Commonwealth does not yet have standing and, therefore, it is appropriate to file petitioner's financial affidavit *ex parte* and under seal. (See Doc. 2.) This argument does not convince the court that the Commonwealth's

current standing serves as a legal basis for sealing petitioner's financial affidavit. Rather, the Commonwealth's lack of standing to object to the appointment of federal counsel in this case is not a reason to seal such a document. Further, the financial affidavit does not contain confidential or sensitive information that, should it remain unsealed, would prejudice petitioner in this case. (See Doc. 2-3.) The court does not foresee damaging results should petitioner's financial affidavit remain public.

Federal district courts are presumptively open courts containing, for the majority, open records in civil matters. Federal judges have discretion to determine what is in public view and what is not. In this case, petitioner's state criminal case was not sealed. See Commonwealth v. Hicks, CP-45-CR-0000391-2008 (Monroe Cnty. Comm. Pl. 2008). The court does not see any reason to now keep records such as those in support of petitioner's *in forma pauperis* status confidential in this subsequent civil proceeding brought under 28 U.S.C. § 2254.

ACCORDINGLY, this 28th day of November, 2017, upon consideration of the motion for leave to file document *ex parte* and under seal (Doc. 2), it is hereby ORDERED that the motion (Doc. 2) is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania