IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES RAY HICKS,** | : | No. 1:17-CV-1969 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN E. WETZEL**, Secretary, Pennsylvania Department of Corrections; **ROBERT GILMORE**, Superintendent of the State Correctional Institution at Greene; and **MARK GARMAN**, Superintendent of the State Correctional Institution at Rockview, | : | THIS IS A CAPITAL CASE |
| Respondents. | : | |

## ORDER

AND NOW, this 20th day of July, 2018, upon consideration of petitioner's status report filed on July 13, 2018 (Doc. 7), it is hereby ORDERED that the parties shall comply with the following schedule:

## FILING OF THE PETITION

1. Habeas Corpus Petition. Petitioner shall file his petition for writ of habeas corpus under 28 U.S.C. § 2254 on or before **October 2, 2018**. Petitioner shall file a supporting memorandum of law no later than sixty (60) days after the date of the filing of the petition. A courtesy copy shall be submitted to the Court. Each claim for relief must be numbered separately and must include the following information:

    a. citations to the specific provision(s) of the United States Constitution upon which petitioner relies as a basis for relief;

    b. whether the claim has been exhausted in the state courts, with specific citation to the state court record each time the claim or any subpart of it was raised before the state courts;

    c. the facts supporting each ground for relief and a thorough discussion of the merits of the claim under the law;

  d. whether the state court adjudicated the claim, or any subpart of it, on the merits such that federal review of the claim, or any subpart of it, is governed by the standard of review in 28 U.S.C. § 2254(d); and

  e. whether federal review of the claim, or any subpart of it, is permitted under the decision of the United States Supreme Court in Teague v. Lane, 489 U.S. 288 (1989).

  2. Discovery. In the event that petitioner seeks discovery, his motion for discovery is due on the date that he files his memorandum of law in support of his petition for writ of habeas corpus. Therein, petitioner must specifically set forth each claim for which discovery is sought and explain why, with respect to each claim, prior state proceedings in the case did not adequately develop that information sought. In accordance with Rule 6 of the Rules Governing Section 2254 Cases In The United States District Courts, the motion for discovery "must also include any proposed interrogatories and requests for admission, and must specify any requested documents."

  3. Answer/Response. Respondents shall file an answer/response to the petition and supporting memorandum of law within sixty (60) days of service of petitioner's supporting memorandum of law, which shall respond to each claim for relief, using the same claim number in the same order as each claim raised by petitioner. A courtesy copy shall be submitted to the Court. The answer/response shall include the following information:

  a. whether the claim has been exhausted in the state courts;

  b. whether the claim is procedurally defaulted;

  c. whether the claim is barred by the statute of limitations under 28 U.S.C. § 2244(d);

  d. if petitioner seeks an evidentiary hearing, whether such a hearing is barred under 28 U.S.C. § 2254(e)(2);

  e. whether federal review of the claim is governed by the standard of review in 28 U.S.C. § 2254(d);

  f. whether federal review of the claim is barred under the decision of the United States Supreme Court in Teague v. Lane, 489 U.S. 288 (1989); and

  g. a discussion of the merits of the claim.

4. Reply. Petitioner may file a reply within twenty-one (21) days of service of respondents' response to the habeas petition. A courtesy copy shall be submitted to the Court. The reply should be limited to those issues not previously addressed in the original petition and supporting memorandum of law.

## **STATE COURT RECORD**

5. State Court Record. In accordance with Rule 5 of the Rules Governing Section 2254 Cases, and the practice of the Court, respondents shall submit the **complete state court record** in this matter, including **all records** pertaining to each pretrial, trial, sentencing, appeal, and post-conviction proceeding that has occurred in petitioner's case, on or before **September 4, 2018**. Certified copies of the state court dockets must be included as well. A courtesy copy shall be submitted to the Court.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania