# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RAY HICKS,<br>    Petitioner,<br><br>v.<br><br>JOHN E. WETZEL, Secretary,<br>Pennsylvania Department of Corrections;<br>ROBERT GILMORE, Superintendent of<br>the State Correctional Institution at Greene;<br>and MARK GARMAN, Superintendent of<br>the State Correctional Institution at<br>Rockview,<br>    Respondents. | : : : : : : : : : : : : : : : | No. 1:17-CV-1969<br><br>(Chief Judge Conner)<br><br>THIS IS A CAPITAL CASE |

**PETITIONER'S MOTION FOR A 60-DAY EXTENSION OF TIME IN WHICH TO FILE HIS HABEAS PETITION AND AN ORDER DIRECTING THAT THE FEDERAL HABEAS STATUTE OF LIMITATIONS IS EQUITABLY TOLLED UNTIL THAT DATE IN LIGHT OF THE UNIQUE CIRCUMSTANCES**

Petitioner, Charles Ray Hicks, through counsel, respectfully requests a 60-day extension of time in which to file his Habeas Petition in light of unexpected intervening developments in DOC legal mail processing that fail to protect attorney/client communications and, in support thereof, states the following:

1.      On July 20, 2018, this Court issued an Order directing Mr. Hicks to file his Habeas Petition on or before October 2, 2018. A critical part of the process of filing the petition is consultation with Mr. Hicks regarding the claims to be raised

that requires Mr. Hicks' review of paper materials provided to him by counsel that fall well-within the purview of attorney/client privilege.

2. Mr. Hicks is currently housed at SCI-Greene, located four hours from counsel's office. Exchange of paper during legal visits is generally prohibited. Accordingly, the only way for counsel to conduct the exchange of materials critical to Mr. Hicks' review and consultation on his habeas petition is through legal mail. Under the previous legal mail policy, when legal mail arrived at the institution, it was opened in the presence of the inmate and then provided to that inmate. This process had assisted in preserving the attorney/client privilege while maintaining security controls.

3. On August 29, 2018, the DOC announced that all institutions were under a lock-down as a result of illnesses related to exposure to unknown substances. *See* https://www.cor.pa.gov/About%20Us/Newsroom/Pages/News-Releases.aspx.

4. On September 10, 2018, the lockdown was lifted, but the DOC implemented a new procedure for processing legal mail that fail to preserve Mr. Hicks' attorney/client privilege. That procedure involves maintaining copies (both paper and electronic) of all legal mail for a period of time and then disposing of that mail in some unidentified manner. *See* Exhibit A, ¶¶ 15-16. Counsel has concerns that the new procedures open up access to many more employees of the DOC and

invite abuse and dissemination of the contents of legal mail to opposing parties and possibly the public.

5.  This unanticipated change in DOC policy is occurring at the most critical stage in preparing Mr. Hicks' habeas petition – the point at which Mr. Hicks should have the opportunity to review attorney/client privileged drafts of his claims and consult with his counsel.  Under the new conditions, counsel cannot ethically mail these documents into the prison.

6.  Counsel has been informed that supervisory representatives from her office, along with counsel from other institutions, are reaching out to the DOC in an attempt to resolve the issues arising from the new legal mail procedure.  Counsel has every expectation that a resolution is forthcoming, just not soon enough to engage in the required confidential consultation necessary to complete the habeas petition by October 2, 2018.

7.  The timing of the change in conditions also places Mr. Hicks in a quandary as the federal statute of limitations is due to expire on October 3, 2018, absent a finding of equitable tolling.  Mr. Hicks is reasonably certain that his pro se PCRA petition was timely filed on February 6, 2018.  This should statutorily toll his federal statute of limitations.  *E.g.*, *Commonwealth v. Tedford*, 781 A.2d 1167, 1170-71 (2001).  However, whether a state court petition for post-conviction relief is properly filed is ultimately a question of state law to be determined by the state

courts. *Pace v. DeGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003).  Should Mr. Hicks be wrong and the state court deem the pro se petition is not properly filed, he would lose any opportunity to pursue his habeas claims in this capital case.

      8.     Under these unique and unanticipated circumstances, Mr. Hicks respectfully requests that this Court grant his Motion for an extension of time and direct that the statutory time-limit is tolled during this extension period.

WHEREFORE, for these reasons and those presented in the accompanying Brief in Support, Mr. Hicks, through counsel, respectfully requests that this Honorable Court grant his Motion for a 60-Day Extension of Time in which to File His Habeas Petition and an Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled Until that Date.

Respectfully submitted,

s/Kelly D. Miller
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)


Dated:  September 13, 2018

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that on this date I caused the foregoing document to be served on the following person at the location and in the manner indicated below, which satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST CLASS MAIL

E. David Christine, Jr.
District Attorney
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360

> */S/ KELLY D. MILLER*
> KELLY D. MILLER, ESQUIRE
> Asst. Federal Public Defender
> PA Bar #307889
> 100 Chestnut Street, Suite 300
> Harrisburg, PA 17101
> Tel: 717-782-3843
> Fax: 717-782-3966
> kelly_miller@fd.org

Dated: September 13, 2018