# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| CHARLES RAY HICKS,      Petitioner, | No. 1:17-CV-1969 |
| v. | (Chief Judge Conner) |
| JOHN E. WETZEL, Secretary, Pennsylvania Department of Corrections; ROBERT GILMORE, Superintendent of the State Correctional Institution at Greene; and MARK GARMAN, Superintendent of the State Correctional Institution at Rockview,      Respondents. | THIS IS A CAPITAL CASE |

_____

**BRIEF IN SUPPORT OF PETITIONER'S MOTION FOR A 60-DAY EXTENSION OF TIME IN WHICH TO FILE HIS HABEAS PETITION AND AN ORDER DIRECTING THAT THE FEDERAL HABEAS STATUTE OF LIMITATIONS IS EQUITABLY TOLLED UNTIL THAT DATE IN LIGHT OF THE UNIQUE CIRCUMSTANCES**

Petitioner, Charles Ray Hicks, through counsel, respectfully submits his Brief in Support of his motion for a 60-day extension of time in which to file his habeas petition and an order directing that the federal habeas statute of limitations is equitably tolled until that date in light of the unique circumstances.

## INTRODUCTION

On July 20, 2018, this Court issued an Order directing Mr. Hicks to file his Habeas Petition on or before October 2, 2018. Doc. 8. Counsel have been diligently preparing various sections of the petition and were in the course of engaging in the

ethically required consultation with Mr. Hicks regarding the contents of the petition at the point that the DOC issued its state-wide lockdown. Although the lockdown was just lifted (on September 10, 2018), the DOC has also implemented extraordinary procedures for processing legal mail that fail to preserve the attorney/client privilege. As a result, counsel is unable to engage in any meaningful confidential consultation with Mr. Hicks prior to the current October 2, 2018 due date.

In light of these unique and unanticipated circumstances, Mr. Hicks respectfully requests an additional 60 days in which to complete the petition. As the circumstances precluding his ability to conduct meaningful consultation with counsel are the result the DOC's abrupt change in processing legal mail, Mr. Hicks also asks that this Court direct that the statute of limitations is tolled during the requested extension time-period.

### ARGUMENT

It is well-settled that "quality legal representation is necessary in capital habeas corpus proceedings in light of 'the seriousness of the possible penalty and ... the unique and complex nature of the litigation.'" *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (citations omitted). Axiomatic to "quality" representation under the Sixth Amendment is the ability to maintain meaningful, private consultation. *E.g. Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) ("contact with an attorney and

the opportunity to communicate privately is a vital ingredient to the effective assistance of counsel and access to the courts"); *Dreher v. Sielaff*, 636 F.2d 1141, 1146 (7th Cir. 1980) ("an inmate's opportunity to confer with counsel is a particularly important constitutional right which the courts will not permit to be unnecessarily abridged").

Likewise, "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Prisons violate these fundamental rights where prisoners are not afforded "adequate, effective, and meaningful" access to the courts. *Id.* 430 U.S. at 822. Thus, "access to counsel assured by the Sixth Amendment is essential" to preserve the constitutional right to access to the courts. *Mann v. Reynolds*, 46 F.3d 1055, 1059 (10th Cir. 1995).

While prisons are afforded deference in implementing regulations to ensure the security of inmates and staff, (*see Bell v. Wolfish*, 441 U.S. 520, 551 (1979)), restrictions on an inmate's constitutional rights must be "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The rationale behind the restriction must be "legitimate" and "neutral." *Id*. A restriction is not reasonable when "the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational." *Id*. *See also Sturm v. Clark*, 835 F.2d 1009, 1014 (3d Cir. 1987) ("there must be a valid rational connection between the prison regulation and the legitimate governmental

interest put forward to justify it") (*citing Turner*); *Wolf v. Ashcroft*, 297 F.3d 305, 307 (3d Cir. 2002) (same).

The procedures promulgated by the DOC effectively deny Mr. Hicks his right to meaningful, privileged consultation with counsel. As described in the Motion, while representatives from this office and other offices are working with DOC to reach a resolution, that resolution is not likely before the current October 2, 2018 due date.

Mr. Hicks is, therefore, subject to the untenable position of having to choose between his right to timely file his habeas petition or his right to confidential communications with counsel in the preparation of that petition. As the implementation of these mail procedures is outside of his control, Mr. Hicks submits that equitable tolling principles are applicable. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate where the petitioner "has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

As described in the Motion and as is apparent from prior filings (*see* Docs. 6 & 7), Mr. Hicks has been diligent in pursuing his habeas rights. While certain obstacles attendant to prison life are predictable and petitioners are charged with a duty to make efforts to meet the limitations requirements within those obstacles that does not mean that circumstances of conditions of confinement may never provide

a basis for equitable tolling.  *E.g.*, *Pabon v. Mahanoy*, 654 F.3d 385, 399-401 (3d Cir. 2011) (inmate's inability to read or understand English combined with prison's failure to provide Spanish legal materials "can constitute extraordinary circumstances that trigger equitable tolling"); *Butler v. Walsh*, 846 F. Supp. 2d 324, 330-31 (E.D. Pa. 2012) (finding equitable tolling warranted where the prison had no habeas forms and rejected attempts to receive the forms from a private party through the mail).

Neither counsel nor Mr. Hicks had any way of predicting that the DOC would issue a complete shut-down and then implement extraordinary legal mail procedures that effectively deprive Mr. Hicks of his right to meaningful consultation with his counsel at the very time that Mr. Hicks and counsel were preparing the claims for filing.  Had these limitations been implemented earlier in the statutory period, counsel and Mr. Hicks would have been able to make efforts to remedy the deprivation of Mr. Hicks' right to counsel and file timely.  Unfortunately, that is not what occurred and the implementation of obstacles that effectively deprive Mr. Hicks of his right to confidential communications with counsel during this critical period warrants equitable tolling.

WHEREFORE, for these reasons and those presented in the Motion, Mr. Hicks, through counsel, respectfully requests that this Honorable Court grant his *Motion for a 60-Day Extension of Time in which to File His Habeas Petition and an*

5

*Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled Until that Date*.

Respectfully submitted,

s/Kelly D. Miller
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)

Dated:  September 13, 2018

## CERTIFICATE OF SERVICE

I, Kelly D. Miller, hereby certify that on this date I caused the foregoing document to be served on the following person at the location and in the manner indicated below, which satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST CLASS MAIL

E. David Christine, Jr.
District Attorney
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360

/s/ KELLY D. MILLER
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: September 13, 2018