# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RAY HICKS,<br>Petitioner,<br><br>v.<br><br>JOHN E. WETZEL, Secretary,<br>Pennsylvania Department of Corrections;<br>ROBERT GILMORE, Superintendent of<br>the State Correctional Institution at Greene;<br>and MARK GARMAN, Superintendent of<br>the State Correctional Institution at<br>Rockview,<br>Respondents. | No. 1:17-CV-1969<br><br>(Chief Judge Conner)<br><br>THIS IS A CAPITAL CASE |

### PETITIONER'S NOTICE OF SUPPLEMENT

Petitioner, Charles Ray Hicks, through counsel, respectfully files this Notice of Supplement in support of his request for a 60-day extension of time in which to file his Habeas Petition and equitable tolling of the statute of limitations (Doc. 9):

1.  Petitioner's Habeas Petition is currently due on October 2, 2018.

2.  On September 13, 2018, Petitioner filed a Motion for a 60-Day Extension of Time and Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled Until that Date. (Doc. 9.) In support of that motion, Petitioner cited the DOC's new legal mail policy that fails to preserve his

attorney/client privilege (Doc. 9-1.) and prevents counsel from sending drafts of the Habeas Petition to her client for his review.

3. On September 19, 2018, counsel faxed a request to SCI-Greene (where Petitioner is housed) seeking permission to bring 150-200 pages of legal documents (the draft claims) into the institution to review with her client during a confidential legal visit on September 25, 2018. Counsel further informed SCI-Greene this was necessary because of an imminent court deadline.

4. All visits with death row inmates at SCI-Greene are non-contact, through glass. If counsel brings documents with her to a legal visit, her client never has physical access to that document. It was counsel's intention to hold the pages up to the glass for her client's review.

5. On September 24, 2018, SCI-Greene informed counsel that she cannot bring 150-200 pages of legal documents into the prison. Counsel was informed that current policy prohibits counsel from bringing in a large document to review during a legal visit, despite the fact that her client would never have physical access to the document. Counsel was informed that her only option was to mail the document to her client, subjecting it to the new legal mail policy that fails to preserve attorney/client privilege.

WHEREFORE, for these reasons and those previously presented, Mr. Hicks, respectfully requests that this Honorable Court grant his Motion for a 60-Day

Extension of Time in which to File His Habeas Petition and an Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled Until that Date.

Respectfully submitted,

s/Kelly D. Miller
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)


Dated:  September 24, 2018

## CERTIFICATE OF SERVICE

I, Kelly D. Miller, hereby certify that on this date I caused the foregoing document to be served on the following person at the location and in the manner indicated below, which satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST CLASS MAIL and E-MAIL

E. David Christine, Jr.
District Attorney
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360

*/S/ KELLY D. MILLER*
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: September 24, 2018