IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES RAY HICKS,** | : | No. 1:17-CV-1969 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN E. WETZEL**, Secretary, Pennsylvania Department of Corrections; **ROBERT GILMORE**, Superintendent of the State Correctional Institution at Greene; and **MARK GARMAN**, Superintendent of the State Correctional Institution at Rockview, | : | THIS IS A CAPITAL CASE |
| Respondents. | : | |

## ORDER

AND NOW, this 26th day of September, 2018, upon consideration of petitioner's motion for a 60-day extension of time in which to file his habeas petition and for an order directing that the federal habeas statute of limitations is equitably tolled during this extension period (Doc. 9), in which petitioner alleges that on August 29, 2018, the Pennsylvania Department of Corrections ("DOC") implemented a new procedure for processing legal mail that effectively deprives petitioner of his right to meaningful confidential consultation with his counsel in

x

advance of the filing of his habeas petition,[1] and further alleges that the DOC has informed counsel that she cannot bring a draft habeas petition to SCI-Greene for review during a legal visit (Doc. 11), it is hereby ORDERED that:

1. The motion for a 60-day extension of time (Doc. 9) is GRANTED. Petitioner shall file his habeas petition on or before December 3, 2018.

2. In light of the allegations surrounding the change in prison legal mail procedures, the court directs that the statute of limitations period pursuant to 28 U.S.C. § 2244(d)(1) is tolled only from August 29, 2018 until December 3, 2018. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (equitable tolling is appropriate where the petitioner "has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way.").

       /S/ CHRISTOPHER C. CONNER
       Christopher C. Conner, Chief Judge
       United States District Court
       Middle District of Pennsylvania

---

[1] Under the new procedure for processing inmate mail, legal mail is opened, scanned and printed by staff in the presence of the inmate. A video of this procedure is recorded and kept for 45 days, while the original legal mail is placed in a secure bag, where it is kept for 15 days and then destroyed, absent an inmate grievance. The inmate receives a printed copy of the legal mail within five days of its reception at the central processing hub. (See Doc. 9-1, DOC Inmate Mail Policy, effective Aug. 29, 2018.) Counsel maintains that the Capital Habeas Unit of the Federal Public Defender's Office is attempting to resolve the issues arising from the new legal mail procedure with the DOC, but does not anticipate a resolution before the court's October 2, 2018 deadline for the filing of petitioner's habeas petition. (See Doc. 9 ¶ 6.)