# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RAY HICKS, | : | |
| Petitioner, | : | No. 1:17-CV-1969 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| JOHN E. WETZEL, Secretary, Pennsylvania Department of Corrections; ROBERT GILMORE, Superintendent of the State Correctional Institution at Greene; and MARK GARMAN, Superintendent of the State Correctional Institution at Rockview, | : | THIS IS A CAPITAL CASE |
| Respondents. | : | |

**PETITIONER'S MOTION FOR A 60-DAY EXTENSION OF TIME TO FILE HIS HABEAS PETITION AND AN ORDER DIRECTING THAT THE FEDERAL HABEAS STATUTE OF LIMITATIONS IS EQUITABLY TOLLED**

Petitioner, Charles Ray Hicks, through counsel, respectfully requests a 60-day extension of time in which to file his Habeas Petition and equitable tolling of the statute of limitations. In support thereof, Petitioner states the following:

1. On July 20, 2018, this Court issued an Order directing Mr. Hicks to file his Habeas Petition on or before October 2, 2018.

2. On August 29, 2018, the Department of Corrections went into a lockdown and stopped processing all mail. On September 10, 2018, the lockdown was lifted, but the DOC implemented a new procedure for processing legal mail that

fails to preserve Mr. Hicks' attorney/client privilege. *See* Doc. 9, Exhibit A, ¶¶ 15-16.

3. On September 13, 2018, Mr. Hicks filed a Motion for a 60-Day Extension of Time in Which to File His Habeas Petition and an Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled Until that Date in Light of the Unique Circumstances. Doc. 9.

4. On September 24, 2018, Mr. Hicks filed a Notice of Supplement, to inform this Court that the DOC had also indicated that it would prohibit counsel from bringing a copy of the draft Habeas Petition into the institution to review with her client, despite the fact that all death-row visitation is non-contact. Doc. 11.

5. On September 26, 2018, this Court entered an Order granting Mr. Hicks' request for a 60-day extension of time, to December 3, 2018, and directing that Mr. Hicks' statute of limitations is tolled from August 29, 2018 to December 3, 2018. Doc. 12.

6. On October 3, 2018, the DOC formally issued a new policy statement and procedures regarding the processing of mail. Exhibit A (DC-ADM 803). According to this procedures statement, while being videotaped, all incoming legal mail is photocopied, the copies are given to the inmate, and the originals are "securely maintained" by the institution for at least 45 days. *Id*. at 1-12. Under the new policy, each institution is individually responsible for contracting with a vendor

for obtaining a secure receptacle in which to store the originals and for the destruction of the originals. *Id.* This policy fails to maintain attorney/client privilege.

7. On October 29, 2018, counsel was informed by SCI-Greene, where Mr. Hicks is housed, that the prison had changed its policy regarding legal visits and attorneys will be permitted to bring legal materials to the visit to review with death-row clients at that institution. However, the prison denied counsel's request to provide Mr. Hicks a copy of any legal materials during the visit. Thus, the new legal mail process that fails to preserve the attorney/client privilege remains the only way for counsel to provide any documents to her client.

8. On October 31, 2018, counsel traveled from Harrisburg to SCI-Greene to visit Mr. Hicks. The prison allowed counsel to bring draft claims into the visit, which she then attempted to review with Mr. Hicks by placing the documents, page by page, on the glass that divides counsel and Mr. Hicks in the visiting booth. The process was cumbersome and ineffectual. It required Mr. Hicks to read, comprehend and recall the contents of each page after they were taken down to move onto the next page of the claims. Within a short period of time it became clear that Mr. Hicks was not going to be able to retain the information he needed to retain as counsel was putting the pages up on the glass in order to have a meaningful consultation.

9. This procedure would be untenable for someone with excellent cognitive skills, but as Carol Armstrong, Ph.D., testified during the penalty hearing in this case, neuropsychological testing demonstrated that Mr. Hicks has brain damage that manifests in several symptoms directly relevant to his ability to receive and retain information. He has "a number of problems taking in information that he hears" including "[a]uditory sentence comprehension" which is "being able to understand the full meaning of what he hears." Exhibit B (NT 11/18/14 at 25). Mr. Hicks also has impairments in both verbal and visual memory. *Id.* (NT 11/18/14 at 25-26).

10. Thus, for adequate consultation Mr. Hicks needs to have a copy of the draft Habeas Petition to review and re-review as necessary and at his own pace. However, under the new mail conditions, counsel cannot ethically mail this document into the prison. Nor will the prison allow counsel to provide this document to Mr. Hicks during a legal visit.

11. Informal discussions were apparently unsuccessful in resolving the legal mail issue with the DOC and, on October 30, 2018, two lawsuits were filed in the United States District Court for the Middle District of Pennsylvania challenging the constitutionality of the new policy. *See Hayes v. Wetzel, et. al*, 1:18-cv-02099-JEJ-EBC (M.D. Pa.); *Pennsylvania Institutional Law Project, et. al, v. Wetzel, et. al*, 1:18-cv-02100-JEJ-EBC (M.D. Pa.). Civil counsel have moved for a preliminary

injunction, and a telephonic conference to discuss scheduling and other matters regarding that request is currently scheduled for November 9, 2018. *Id.*, Doc. 7.

12.   Mr. Hicks wants to file his Habeas Petition, but cannot do so without adequate attorney-client consultation. Thus, Mr. Hicks has this date filed a separate motion for an order directing the DOC to allow counsel to provide Mr. Hicks a copy of the draft habeas claims in a manner that does not violate the attorney/client privilege.

13.   Mr. Hicks requests a 60-day extension of time to allow him to review his draft habeas claims once they are finally provided to him and to consult with his counsel. In the alternative, Mr. Hicks requests a 60-day extension of time to await the outcome of the motions for preliminary injunction in *Hayes v. Wetzel* and *Pennsylvania Institutional Law Project v. Wetzel*.

14.   Mr. Hicks also requests this Court find that his statute of limitations is tolled for that time period. Although Mr. Hicks is reasonably certain that his pro se PCRA petition was timely filed on February 6, 2018 and should statutorily toll his federal statute of limitations, *e.g.*, *Commonwealth v. Tedford*, 781 A.2d 1167, 1170-71 (2001), whether a state court petition for post-conviction relief is properly filed is ultimately a question of state law to be determined by the state courts. *Pace v. DeGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not

5

entitled to statutory tolling under § 2244(d)(2)."); *Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003).  Should Mr. Hicks be wrong and the state court deem the pro se petition is not properly filed, he would lose any opportunity to pursue his habeas claims in this capital case.

WHEREFORE, for these reasons and those presented in the accompanying Brief in Support, Mr. Hicks, through counsel, respectfully requests that this Honorable Court grant his Motion for a 60-Day Extension of Time to File His Habeas Petition and an Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled.

Respectfully submitted,

s/Kelly D. Miller
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)


Dated:  November 6, 2018

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that on this date I caused the foregoing document to be served on the following person at the location and in the manner indicated below, which satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST-CLASS MAIL & EMAIL

E. David Christine, Jr.
District Attorney
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360
dchristine@monroecountypa.gov

/S/ KELLY D. MILLER
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: November 6, 2018