## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
                                   :

CHARLES RAY HICKS,             :
                Petitioner,       :       No. 1:17-CV-1969
                                     :

         v.                           :       (Chief Judge Conner)
                                     :

JOHN E. WETZEL, Secretary,     :       THIS IS A CAPITAL CASE
Pennsylvania Department of Corrections;  :
ROBERT GILMORE, Superintendent of   :
the State Correctional Institution at Greene;  :
and MARK GARMAN, Superintendent of   :
the State Correctional Institution at       :
Rockview,                                 :
                Respondents.     :
_____ :

### BRIEF IN SUPPORT OF PETITIONER'S MOTION FOR A 60-DAY EXTENSION OF TIME IN WHICH TO FILE HIS HABEAS PETITION AND AN ORDER DIRECTING THAT THE FEDERAL HABEAS STATUTE OF LIMITATIONS IS EQUITABLY TOLLED

Petitioner, Charles Ray Hicks, through counsel, respectfully submits his Brief in Support of his motion for a 60-day extension of time in which to file his habeas petition and an order directing that the federal habeas statute of limitations is equitably tolled until that date.

### INTRODUCTION

On July 20, 2018, this Court issued an Order directing Mr. Hicks to file his Habeas Petition on or before October 2, 2018. Doc. 8. Counsel were diligently preparing various sections of the petition and were in the course of engaging in the

ethically required consultation with Mr. Hicks regarding the contents of the petition when the DOC issued its state-wide lockdown.  When the lockdown was lifted (on September 10, 2018), the DOC implemented extraordinary procedures for processing legal mail that fail to preserve the attorney/client privilege.  Mr. Hicks requested, and this Court granted, a 60-day extension of time to file his Habeas Petition, until December 3, 2018.  Doc. 12.  In addition, this Court found that Mr. Hicks' statute of limitations was equitably tolled from the date of the lockdown until December 3, 2018.  *Id*.

Informal discussions regarding the new mail policy have been unsuccessful, and two lawsuits challenging the constitutionality of that policy were filed in the United States District Court for the Middle District of Pennsylvania on October 30, 2018.

As described in the Motion, counsel attempted to review the draft with Mr. Hicks under the new policy, but it quickly became apparent to counsel that a consultation process in which her client is denied the ability to have a copy of the document in his possession is inadequate.  As counsel is unable to ethically provide a copy to Mr. Hicks under the current procedures, Mr. Hicks has filed this Motion for an extension of time and his accompanying motion for an Order directing the DOC to provide Mr. Hicks with confidential documents in a manner that does not violate attorney/client privilege.

2

In light of these circumstances, Mr. Hicks respectfully requests this Court enter an order granting him a 60-day extension of time in which to file his habeas petition and directing that the federal habeas statute of limitations is equitably tolled until that date.

ARGUMENT

It is well-settled that "quality legal representation is necessary in capital habeas corpus proceedings in light of 'the seriousness of the possible penalty and ... the unique and complex nature of the litigation.'" *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (citations omitted). Axiomatic to "quality" representation under the Sixth Amendment is the ability to maintain meaningful, private consultation. *E.g. Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) ("contact with an attorney and the opportunity to communicate privately is a vital ingredient to the effective assistance of counsel and access to the courts"); *Dreher v. Sielaff*, 636 F.2d 1141, 1146 (7th Cir. 1980) ("an inmate's opportunity to confer with counsel is a particularly important constitutional right which the courts will not permit to be unnecessarily abridged").

Likewise, "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Prisons violate these fundamental rights where prisoners are not afforded "adequate, effective, and meaningful" access to the courts. *Id.* 430 U.S. at 822. Thus, "access to counsel assured by the Sixth

3

Amendment is essential" to preserve the constitutional right to access to the courts. *Mann v. Reynolds*, 46 F.3d 1055, 1059 (10th Cir. 1995).

While prisons are afforded deference in implementing regulations to ensure the security of inmates and staff, (*see Bell v. Wolfish*, 441 U.S. 520, 551 (1979)), restrictions on an inmate's constitutional rights must be "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The rationale behind the restriction must be "legitimate" and "neutral." *Id*. A restriction is not reasonable when "the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational." *Id*. *See also Sturm v. Clark*, 835 F.2d 1009, 1014 (3d Cir. 1987) ("there must be a valid rational connection between the prison regulation and the legitimate governmental interest put forward to justify it") (*citing Turner*); *Wolf v. Ashcroft*, 297 F.3d 305, 307 (3d Cir. 2002) (same).

The procedures promulgated by the DOC effectively deny Mr. Hicks his right to meaningful, privileged consultation with counsel. Although a preliminary injunction has been sought in the pending civil litigation, *see Hayes v. Wetzel, et. al*, 1:18-cv-02099-JEJ-EBC, Doc. 7 (M.D. Pa.); *Pennsylvania Institutional Law Project, et. al, v. Wetzel, et. al*, 1:18-cv-02100-JEJ-EBC, Doc. 7 (M.D. Pa.), it is unlikely those motions will be resolved prior to December 3, 2018.

Mr. Hicks is, therefore, subject to the untenable position of having to choose between his right to timely file his habeas petition or his right to confidential communications with counsel in the preparation of that petition. As the implementation of these mail procedures is outside of his control, Mr. Hicks submits that equitable tolling principles are applicable. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate where the petitioner "has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

As described in the Motion and as is apparent from prior filings (*see* Docs. 6 & 7), Mr. Hicks has been diligent in pursuing his habeas rights. While certain obstacles attendant to prison life are predictable and petitioners are charged with a duty to make efforts to meet the limitations requirements within those obstacles, that does not mean that circumstances of conditions of confinement may never provide a basis for equitable tolling. *E.g.*, *Pabon v. Mahanoy*, 654 F.3d 385, 399-401 (3d Cir. 2011) (inmate's inability to read or understand English combined with prison's failure to provide Spanish legal materials "can constitute extraordinary circumstances that trigger equitable tolling"); *Butler v. Walsh*, 846 F. Supp. 2d 324, 330-31 (E.D. Pa. 2012) (finding equitable tolling warranted where the prison had no habeas forms and rejected attempts to receive the forms from a private party through the mail).

Neither counsel nor Mr. Hicks had any way of predicting that the DOC would issue a complete shut-down and then implement extraordinary legal mail procedures that effectively deprive Mr. Hicks of his right to meaningful consultation with his counsel at the very time that Mr. Hicks and counsel were preparing the claims for filing.  Counsel have tried to work around these limitations, but in the circumstances of this case, as described in the Motion, it is necessary for Mr. Hicks to have a copy of the document to review.  The implementation of obstacles that effectively deprive Mr. Hicks of his right to confidential communications with counsel during this critical period warrants equitable tolling.

WHEREFORE, for these reasons and those presented in the Motion, Mr. Hicks, through counsel, respectfully requests that this Honorable Court grant his *Motion for a 60-Day Extension of Time in which to File His Habeas Petition and an Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled Until that Date*.

Respectfully submitted,

s/Kelly D. Miller
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)

Dated:  November 6, 2018

7

CERTIFICATE OF SERVICE

I, Kelly D. Miller, hereby certify that on this date I caused the foregoing document to be served on the following person at the location and in the manner indicated below, which satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST-CLASS MAIL & EMAIL

E. David Christine, Jr.
District Attorney
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360
dchristine@monroecountypa.gov

/S/ KELLY D. MILLER
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: November 6, 2018