# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

CHARLES RAY HICKS,

        Petitioner, :    No. 1:17-CV-1969

    v. :    (Chief Judge Conner)

JOHN E. WETZEL, Secretary, :    THIS IS A CAPITAL CASE
Pennsylvania Department of Corrections;
ROBERT GILMORE, Superintendent of
the State Correctional Institution at Greene;
and MARK GARMAN, Superintendent of
the State Correctional Institution at
Rockview,

        Respondents.

_____

**PETITIONER'S MOTION FOR AN ORDER DIRECTING THE DEPARTMENT OF CORRECTIONS TO ALLOW COUNSEL TO PROVIDE HIM A CONFIDENTIAL LEGAL DOCUMENT IN A MANNER THAT DOES NOT VIOLATE ATTORNEY/CLIENT PRIVILEGE**

Petitioner, Charles Ray Hicks, through counsel, respectfully requests an Order directing the Department of Corrections to allow counsel to provide him a confidential legal document in a manner that does not violate attorney/client privilege. In support thereof, Petitioner states the following:

1. On July 20, 2018, this Court issued an Order directing Mr. Hicks to file his Habeas Petition on or before October 2, 2018.

2. On August 29, 2018, the Department of Corrections went into a lockdown and stopped processing all mail. On September 10, 2018, the lockdown

was lifted, but the DOC implemented a new procedure for processing legal mail that fails to preserve Mr. Hicks' attorney/client privilege. *See* Doc. 9, Exhibit A, ¶¶ 15-16.

3. On September 13, 2018, Mr. Hicks filed a Motion for a 60-Day Extension of Time in Which to File His Habeas Petition and an Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled Until that Date in Light of the Unique Circumstances. Doc. 9.

4. On September 24, 2018, Mr. Hicks filed a Notice of Supplement, to inform this Court that the DOC had also indicated that it would prohibit counsel from bringing a copy of the draft Habeas Petition into the institution to review with her client, despite the fact that all death-row visitation is non-contact. Doc. 11.

5. On September 26, 2018, this Court entered an Order granting Mr. Hicks' request for a 60-day extension of time, to December 3, 2018, and directing that Mr. Hicks' statute of limitations is tolled from August 29, 2018 to December 3, 2018. Doc. 12.

6. On October 3, 2018, the DOC formally issued a new policy statement and procedures regarding the processing of mail. Exhibit A (DC-ADM 803). According to this procedures statement, while being videotaped, all incoming legal mail is photocopied, the copies are given to the inmate, and the originals are "securely maintained" by the institution for at least 45 days. *Id*. at 1-12. Under the

new policy, each institution is individually responsible for contracting with a vendor for obtaining a secure receptacle in which to store the originals and for the destruction of the originals.  *Id.*  This policy fails to maintain attorney/client privilege.

7. On October 29, 2018, counsel was informed by SCI-Greene, where Mr. Hicks is housed, that the prison had changed its policy regarding legal visits and attorneys will be permitted to bring legal materials to the visit to review with death-row clients at that institution.  However, the prison denied counsel's request to provide Mr. Hicks a copy of any legal materials during the visit.  Thus, the new legal mail process that fails to preserve the attorney/client privilege remains the only way for counsel to provide any documents to her client.

8. On October 31, 2018, counsel traveled from Harrisburg to SCI-Greene to visit Mr. Hicks.  The prison allowed counsel to bring draft claims into the visit, which she then attempted to review with Mr. Hicks.  As described in his Motion for an Extension of Time, it quickly became apparent to counsel that a consultation process in which her client is denied the ability to have a copy of the document in his possession is inadequate in this case.

9. Informal discussions were apparently unsuccessful in resolving the legal mail issue with the DOC and, on October 30, 2018, two lawsuits were filed in the United States District Court for the Middle District of Pennsylvania challenging

the constitutionality of the new policy.  *See Hayes v. Wetzel, et. al*, 1:18-cv-02099-JEJ-EBC (M.D. Pa.); *Pennsylvania Institutional Law Project, et. al, v. Wetzel, et. al*, 1:18-cv-02100-JEJ-EBC (M.D. Pa.).  Civil counsel have moved for a preliminary injunction, and a telephonic conference to discuss scheduling and other matters regarding that request is currently scheduled for November 9, 2018.  *Id.*, Doc. 7.

  10. Mr. Hicks wants to file his Habeas Petition, but cannot do so without adequate attorney-client consultation.  Thus, Mr. Hicks requests that this Court enter an Order directing the DOC to allow counsel to provide Mr. Hicks a copy of the draft habeas claims in a manner that does not violate the attorney/client privilege.  It is counsel's understanding that no narcotics were introduced into the DOC by attorneys using legal mail.  *See Hayes v. Wetzel*, 1:18-cv-02099, Doc. 1 at 14 (M.D. Pa.).  Thus, counsel suggests that the security of the institution would be preserved if the institution were to simply open Mr. Hicks' confidential legal mail in his presence and provide him with the original of his confidential legal mail, as it had done prior to the lockdown.

  11. Counsel also suggests that the DOC has less intrusive methods available – that do not involve photocopying and maintaining original documents – to screen paper products for narcotics.  For example, DOC recently announced that inmates will be able to receive donated books, new books, and magazines after they are processed through a secured facility in Bellefonte.  *See* Exhibit C (DOC Press

Release, Department of Corrections Announces Book, Publications Policy, Nov. 1, 2018). Although the Press Release does not detail the processing method, Mr. Hicks believes the DOC plans to use drug sniffing dogs. *See* Exhibit C (Mark Scolfaro, Staff drug exposure problem prompts prisons to screen books, www.pennlive.com, Oct. 19, 2018 (describing DOC plan to use drug sniffing dogs to clear donated books for entry into the institutions)).

12. In addition, the DOC has a drug scanning process at the visiting area at SCI Greene that it uses to scan visitors, including legal visitors for non-contact visits. The institution could scan the document in counsel's presence and, once cleared, the document could be provided to Mr. Hicks through a document exchange. As the document would have been scanned and cleared, there would be no safety reason to prevent Mr. Hicks from keeping the document and reviewing it in his cell so that an adequate attorney/client consultation can occur at a later date.

13. In light of these considerations, Mr. Hicks submits subjecting him to the current legal mail process that violates his attorney/client privilege is unnecessary and precludes counsel from conducting a meaningful consultation on his habeas petition. Mr. Hicks requests that this Court order the DOC to either 1) allow counsel to mail Mr. Hicks a confidential legal document using the previous legal mail procedures in which the mail is opened in the inmate's presence and the original is provided to him; or 2) allow counsel to give Mr. Hicks the confidential

5

legal document during a legal visit and allow Mr. Hicks to keep that confidential legal document for review in his cell.

WHEREFORE, for these reasons and those presented in the accompanying Brief in Support, Mr. Hicks, through counsel, respectfully requests that this Honorable Court grant his Motion for an Order Directing the Department of Corrections to Allow Counsel to Provide Him a Confidential Legal Document in a Manner that Does Not Violate Attorney/Client Privilege.

Respectfully submitted,

s/Kelly D. Miller
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)


Dated:  November 6, 2018

## CERTIFICATE OF SERVICE

I, Kelly D. Miller, hereby certify that on this date I caused the foregoing document to be served on the following person at the location and in the manner indicated below, which satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST CLASS MAIL AND EMAIL

E. David Christine, Jr.
District Attorney
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360
dchristine@monroecountypa.gov

VIA HAND DELIVERY

Theron R. Perez
Chief Counsel
Department of Corrections, Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
tperez@pa.gov

/S/ KELLY D. MILLER
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: November 6, 2018