IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES RAY HICKS,** | : No. 1:17-CV-1969 |
| Petitioner | : (Chief Judge Conner) |
| v. | : |
| **JOHN E. WETZEL**, Secretary, Pennsylvania Department of Corrections; **ROBERT GILMORE**, Superintendent of the State Correctional Institution at Greene; and **MARK GARMAN**, Superintendent of the State Correctional Institution at Rockview, | : THIS IS A CAPITAL CASE |
| Respondents. | : |

# ORDER

AND NOW, this 19th day of November, 2018, upon consideration of petitioner's second motion for a 60-day extension of time in which to file his habeas petition and for an order directing that the federal habeas statute of limitations is equitably tolled during a second extension period from December 3, 2018 to February 1, 2019 (Doc. 13), and petitioner's motion for an order directing the Pennsylvania Department of Corrections ("DOC") to allow counsel to provide petitioner with a confidential legal document in a manner that does not violate attorney/client privilege (Doc. 15),[1] it is hereby ORDERED that:

---

[1] In support of this motion, petitioner maintains that on October 3, 2018, the DOC formally issued a new policy statement and procedures regarding the processing of inmate mail. (Doc. 15 ¶ 6) (citing Doc. 15, Ex. A (DC-ADM 803)). According to the procedures statement, while being videotaped, all incoming legal mail is photocopied, the copies are given to the inmate, and the originals are "securely maintained" by the institution for at least 45 days. (Id.) (citing Doc. 15, Ex. A at 1-12). Under the new policy, each institution is individually responsible for contracting with a vendor for obtaining a secure receptacle in which to store the

     1.  The motion for a second 60-day extension of time (Doc. 13) is GRANTED. Petitioner shall file his habeas petition on or before February 1, 2019.

     2.  In light of the circumstances surrounding the change in prison legal mail procedures, the court directs that the statute of limitations period pursuant to 28 U.S.C. § 2244(d)(1) is tolled only from December 3, 2018 until February 1, 2019.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (equitable tolling is appropriate where the petitioner "has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way.").

     3.  In light of this second 60-day extension of time to file a habeas petition, the motion for an order directing the DOC to allow counsel to provide petitioner with a confidential legal document in a manner that does not violate attorney/client privilege (Doc. 15) is DENIED.  If further circumstances demonstrate the need for additional time to file the habeas petition, the court will reconsider this matter upon motion of petitioner.

     /S/ CHRISTOPHER C. CONNER
     Christopher C. Conner, Chief Judge
     United States District Court
     Middle District of Pennsylvania

---

originals and for the destruction of the originals.  (Id.)  Petitioner contends that this policy fails to maintain attorney/client privilege.