# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RAY HICKS, | |
| Petitioner, | No. 1:17-CV-1969 |
| v. | (Chief Judge Conner) |
| JOHN E. WETZEL, Secretary, Pennsylvania Department of Corrections; ROBERT GILMORE, Superintendent of the State Correctional Institution at Greene; and MARK GARMAN, Superintendent of the State Correctional Institution at Rockview, | THIS IS A CAPITAL CASE |
| Respondents. | |

## STATUS REPORT

Counsel respectfully submits this Status Report:

1. On July 20, 2018, this Court issued an Order directing Mr. Hicks to file his Habeas Petition on or before October 2, 2018.

2. On August 29, 2018, the Department of Corrections went into a lockdown and stopped processing all mail. On September 10, 2018, the lockdown was lifted, but the DOC implemented a new procedure for processing legal mail that fails to preserve Mr. Hicks' attorney/client privilege. *See* Doc. 9, Exhibit A, ¶¶ 15-16.

3. On September 13, 2018, Mr. Hicks filed a Motion for a 60-Day Extension of Time in Which to File His Habeas Petition and an Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled Until that Date in Light of the Unique Circumstances. Doc. 9.

4. On September 24, 2018, Mr. Hicks filed a Notice of Supplement, to inform this Court that the DOC had also indicated that it would prohibit counsel from bringing a copy of the draft Habeas Petition into the institution to review with her client, despite the fact that all death-row visitation is non-contact. Doc. 11.

5. On September 26, 2018, this Court entered an Order granting Mr. Hicks' request for a 60-day extension of time, to December 3, 2018, and directing that Mr. Hicks' statute of limitations is tolled from August 29, 2018 to December 3, 2018. Doc. 12.

6. On October 3, 2018, the DOC formally issued a new policy statement and procedures regarding the processing of mail. Doc. 13, Exhibit A (DC-ADM 803). According to this procedures statement, while being videotaped, all incoming legal mail is photocopied, the copies are given to the inmate, and the originals are "securely maintained" by the institution for at least 45 days. *Id*. at 1-12. Under the new policy, each institution is individually responsible for contracting with a vendor for obtaining a secure receptacle in which to store the originals and for the

destruction of the originals. *Id.* This policy fails to maintain attorney/client privilege.

7. On October 31, 2018, counsel traveled from Harrisburg to SCI-Greene to visit Mr. Hicks. The prison allowed counsel to bring draft claims into the visit, which she then attempted to review with Mr. Hicks by holding pages up on the plexi-glass but it quickly became apparent to counsel that a consultation process in which her client is denied the ability to have a copy of the document in his possession is inadequate.

8. On October 30, 2018, two lawsuits were filed in the United States District Court for the Middle District of Pennsylvania challenging the constitutionality of the new policy. *See Hayes v. Wetzel, et. al*, 1:18-cv-02099-JEJ-EBC (M.D. Pa.); *Pennsylvania Institutional Law Project, et. al, v. Wetzel, et. al*, 1:18-cv-02100-JEJ-EBC (M.D. Pa.). A hearing on the preliminary injunction is currently scheduled for February 19, 2019.

9. On November 6, 2018, Petitioner filed his *Motion for a 60-Day Extension of Time to File His Habeas Petition and an Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled* (Doc. 13) updating the Court on the difficulties counsel was having providing Mr. Hicks with documents without violating the attorney/client privilege and the need for Mr. Hicks to have those documents in his cell so that he has time to review them before counsel can

3

adequately consult with him about the draft claims (*id.* at § 10).  Petitioner also filed his *Motion for an Order Directing the Department of Corrections to Allow Counsel to Provide Him a Confidential Legal Document in a Manner that Does Not Violate Attorney/Client Privilege* (Doc. 15).

10. On November 19, 2018, this Court issued an order granting Mr. Hicks' *Motion for a 60-Day Extension of Time to File His Habeas Petition and an Order Directing that the Federal Habeas Statute of Limitations is Equitably Tolled* (Doc. 20).

11. On November 16, 2018, the DOC filed a Motion to Stay the Proceedings (Doc. 18) on the basis of counsel's ongoing discussions arising from Mr. Hicks' *Motion for an Order Directing the Department of Corrections to Allow Counsel to Provide Him a Confidential Legal Document in a Manner that Does Not Violate Attorney/Client Privilege*.  On November 20, 2018, this Court issued an order vacating its previous order (Doc. 20) and granting the stay (Doc. 21).

12. In his *Motion for an Order Directing the Department of Corrections to Allow Counsel to Provide Him a Confidential Legal Document in a Manner that Does Not Violate Attorney/Client Privilege*, Petitioner had proposed as one alternative method for preserving attorney/client privilege to allow counsel to provide documents to Petitioner through a legal visit that he would be able to take back to his cell to review.  *See* Doc. 15, § 12.

13. After discussions, counsel for the DOC informed Petitioner's counsel that she would be able to follow that process to provide legal documents to Mr. Hicks. On December 10, 2018, Petitioner's counsel traveled to SCI-Greene and was able to provide Mr. Hicks with documents to review.

14. While counsel has been able to provide drafts to Mr. Hicks, as noted previously, he will need the time to review those materials before counsel will be able to have an adequate consultation with him about the claims. As this process will require multiple additional trips to SCI-Greene, counsel respectfully requests that this Court grant Mr. Hicks until February 1, 2019 to file his Habeas Petition and deem the time until that date equitably tolled.

Respectfully submitted,

s/Kelly D. Miller
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)


Dated:  December 17, 2018

## CERTIFICATE OF SERVICE

I, Kelly D. Miller, hereby certify that on this date I caused the foregoing document to be served on the following person at the location and in the manner indicated below, which satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST CLASS MAIL AND EMAIL

E. David Christine, Jr.
District Attorney
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360
dchristine@monroecountypa.gov

/S/ KELLY D. MILLER
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: December 17, 2018