# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

CHARLES RAY HICKS,
        Petitioner,

        v.

JOHN E. WETZEL, Secretary, Pennsylvania Department of Corrections; ROBERT GILMORE, Superintendent of the State Correctional Institution at Greene; and MARK GARMAN, Superintendent of the State Correctional Institution at Rockview,
        Respondents.
_____

No. 1:17-CV-1969

(Chief Judge Conner)

THIS IS A CAPITAL CASE

**PETITIONER'S BRIEF IN SUPPORT OF HIS MOTION TO STAY THE FEDERAL PROCEEDINGS OR, IN THE ALTERNATIVE, DISMISS WITHOUT PREJUDICE TO ALLOW PETITIONER TO EXHAUST FEDERAL CLAIMS FOR RELIEF IN STATE COURT**

Petitioner, Charles Ray Hicks, through counsel, respectfully submits this *Brief in Support of Motion to Stay the Federal Proceedings, or in the Alternative Dismiss without Prejudice to Allow Petitioner's Counsel to Expeditiously Exhaust Federal Claims For Relief in State Court*.

## INTRODUCTION

Today, Mr. Hicks filed his Petition for Writ of Habeas Corpus (hereinafter "Petition") with this Court, challenging his convictions and death sentences imposed in the Monroe County Court of Common Pleas. This Court should grant his request

to hold the federal habeas proceedings in abeyance or, in the alternative dismiss without prejudice, because, as demonstrated below, there are numerous potentially-meritorious, unexhausted claims of federal constitutional error that must be presented to the state courts.

## ARGUMENT

Mr. Hicks' Petition raises both exhausted and unexhausted claims.[1]  The petitioner has a variety of choices regarding how to proceed when presented with a "mixed" petition.  *Rose v. Lundy* 455 U.S. 509, 520 (1982).  *See also Hayes v. Cuyler*, 547 F. Supp 395, 397 (E.D. Pa. 1982) (choosing to exhaust in state court); Yount v. Patton, 537 F. Supp. 873, 874 (W.D. Pa. 1982) (choosing to proceed in federal court only with exhausted claims).  Counsel have advised Mr. Hicks to move to seek exhaustion of his claims in state court and move to stay and/or dismiss without prejudice the federal proceedings.

In *Rhines v. Weber*, the United States Supreme Court set out a three-part test for the Court to consider when ruling on a request for stay and abeyance of a petition containing both exhausted and unexhausted claims: (1) whether the petitioner has

---

[1] The allegations in Claim 11 were exhausted on appeal as well as some aspects of Claim 17 by virtue of the mandatory review required under 42 Pa.C.S. §9711(h). *See Commonwealth v. Hicks*, 156 A.2d 1114 (Pa. 2017).  As a result of undersigned counsel's investigation and records collection, the Petition raises additional substantial claims involving the denial of Mr. Hicks' federal constitutional rights.

demonstrated good cause for his failure to exhaust; (2) whether his unexhausted claims are potentially meritorious; and (3) if there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. 544 U.S. 269, 278 (2005).

Petitioner meets the *Rhines* standard. First, he has demonstrated good cause for his failure to exhaust. Petitioner's federal habeas claims arise under the rubric of ineffective assistance of counsel, which Petitioner was precluded from raising in prior proceedings under Pennsylvania law. *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). The currently pending PCRA proceedings are Petitioner's first opportunity to raise his claims of ineffective assistance of his trial and appellate counsel to the Pennsylvania state courts.

Second, Petitioner's claims are potentially meritorious. For example, Petitioner has raised numerous compelling claims arising from counsel's ineffectiveness in failing to ensure Mr. Hicks was provided a fair and impartial jury; counsel's failure to adequately raise and litigate constitutional violations arising from the seizure of evidence and interrogations; counsel's failing investigate, develop and present evidence disputing the prosecution's case; the prosecution's failure to disclose material exculpatory evidence; counsel's failure to challenge the prosecution's sole aggravating factor; the jury's failure to find and weigh stipulated mitigation; and counsel's failure to develop and present a variety of lay and expert mitigation evidence.

Third, Petitioner has not engaged in intentionally dilatory litigation. On the contrary, Petitioner timely filed requests for appointment of counsel in both the state and federal courts in an effort to timely litigate his federal constitutional claims.

In addition, as noted in the Motion, as a result of the DOC's un-noticed, sudden change in its legal mail policy and its policy regarding document exchange during legal visits, counsel was unable to have meaningful attorney/client consultations with Mr. Hicks for almost three months. While counsel was able to conduct document exchanges through December and early January, on January 23, 2018, counsel was informed by staff at SCI-Greene that the policy had changed back to a system in which any documents counsel provided to Mr. Hicks would be copied/scanned and the copy provided to the client. Although counsel was able to conduct the necessary consultation in order to complete the Petition, the DOC's policy has once again created a situation in which meaningful privileged consultations of documents is impossible. As a result, the state court exhaustion will be further delayed because Mr. Hicks' state court counsel will be unable to conduct privileged written communications or provide Mr. Hicks with documents in a manner that protects the attorney/client privilege. The barriers erected by the DOC provide an additional reason to stay these proceedings.

Each of the claims raised in the Petition, not raised on direct appeal, are cognizable under the PCRA, 42 Pa. C.S. §§ 9541, et seq. Because state remedies

4

are available, Mr. Hicks must return to state court to exhaust these claims, unless Respondents elect to waive the exhaustion requirement. *See* 28 U.S.C. §§ 2254(b)(1)(A), (b)(3); *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998) (federal courts should not "discourage petitioners from exhausting all their claims in state court"); *accord Lambert v. Blackwell*, 134 F.3d 506, 517-19 (3d Cir. 1998); *Doctor v. Walters*, 96 F.3d 675, 681, 683 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). This is the course of action approved by the Third Circuit in *Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004); *see Miller v. Horn*, No. 00-9011, Order (3d Cir. Nov. 6, 2002) (granting motion to stay habeas appellate proceedings pending exhaustion of claim under *Atkins v. Virginia*, 536 U.S. 304 (2002)); *Cross v. Price*, No. 97-9001, Order (3d Cir. Apr. 23, 1998) (granting motion to hold appeal in abeyance pending Pennsylvania Supreme Court's resolution of unexhausted claim).

In similar circumstances, District Courts in all three Pennsylvania districts have held capital habeas proceedings in abeyance while state court remedies are exhausted.[2] The Third Circuit has made clear that, when an outright dismissal could

---

[2] *See*, *e.g.*, *Reyes v. Beard*, No. 2:10-CV-00261-ER, Order (E.D.Pa. August 10, 2011) (Robreno, J.); *Johnson v. Wetzel*, No. 2:11-CV-04401-JCJ, Order (E.D. Pa. July 21, 2011) (Joyner, C. J.); *Williams v. Wetzel*, No. 11-CV-4681, Order (E.D. Pa.) (Davis, J. August 15, 2011); *Rivera v. Beard*, No 10-CV-04349, Order (E.D. Pa.) (Stengel, J. May 10, 2011); *Brown v. Smeal*, No. 10-CV-5553, Order (E.D. Pa. March 31, 2011) (Stengel, J.); *Gibson v. Wetzel*, No. 11-CV-4550, Order (E.D. Pa. July 25, 2011) (Jones, J.); *Montalvo v. Beard*, No. 3:09-cv-783, Order (M.D. Pa. June 16, 2010) (Munley, J.); *Blakeney v. Beard*, No. 3:09-cv-00343, Order (M.D. Pa. May 18, 2010)(Vanaskie, J., sitting by designation); *Pruitt v. Beard*, No. 2:09cv-

jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action. *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004). Accordingly, Mr. Hicks has demonstrated cause for a stay, absent a binding statement by the Respondents that there are no statute of limitations defenses in light of Mr. Hicks' filing in state court and that no adverse determination of his state-court petition risks foreclosing future access to habeas corpus remedies.

If this Court does not believe a stay is warranted, this Court should dismiss Mr. Hicks' Petition without prejudice and direct exhaustion of state remedies. When a district court is presented with a habeas petition that contains both exhausted and unexhausted claims, the Court may stay the proceedings under *Rhines* or must offer the petitioner the choice to either (1) elect to proceed on only the exhausted claims (thereby jettisoning the unexhausted claims), or (2) accept a dismissal without

---

01625, Order (E.D. Pa. Oct. 23, 2009) (Gardner, J.); *Moore v. Beard*, No. 2:08cv-05177, Order (E.D. Pa. Aug. 25, 2009) (Davis, J.); *Spotz v. Beard*, No. 3:06-cv00955, Order (M.D. Pa. Mar. 6, 2009) (Munley, J.); *Eichinger v. Beard*, No. 2:07cv-04434, Order (E.D. Pa. Nov. 18, 2008) (Padova, J.); *Solano v. Beard*, No. 2:07CV-02703, Order (E.D. Pa. Nov. 29, 2007) (Davis, J.); *May v. Beard*, No. 06-CV4697, Order (E.D. Pa. Aug. 20, 2007) (Dalzell, J.); *Chmiel v. Beard*, No. 1:06-CV02098, Order (M.D. Pa. July 16, 2007) (Kane, C.J.); *Randolph v. Beard*, No. 1:06cv-00901, Order (M.D. Pa. Feb. 8, 2007) (Connor, J.); *Sepulveda v. Beard*, No. 3:06cv-00731, Order (M.D. Pa. Dec. 6, 2006) (Vanaskie, J.); *Singley v. Beard*, No. 4:06cv- 00450, Order (M.D. Pa. Oct. 31, 2006) (Jones, J.); *Williams v. Beard*, No. 06CV-00026, Order (W.D. Pa. Aug. 24, 2006) (McVerry, J.); *Taylor v. Beard*, No. 06CV-00028, Order (W.D. Pa. Aug. 23, 2006) (Ambrose, C.J.); and *Reid v. Beard*, No. 3-CV-04-0258, Order (M.D. Pa. Oct. 8, 2004) (Caputo, J.).

prejudice of the entire petition to permit state court exhaustion. *See Rose v. Lundy*, 455 U.S. 509 (1982). Under the current circumstances, Mr. Hicks chooses to exhaust his claims in state court.

## CONCLUSION

For each of these reasons and those presented in the Motion. Mr. Hicks respectfully requests that this Court stay the federal proceedings to allow him to exhaust his state court remedies or, in the alternative, dismiss these proceedings without prejudice.

Respectfully submitted,

s/Kelly D. Miller
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)


Dated: February 1, 2019

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that on this date I caused the foregoing document to be served on the following person at the location and in the manner indicated below, which satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST-CLASS MAIL

E. David Christine, Jr.
District Attorney
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360
dchristine@monroecountypa.gov

/S/ KELLY D. MILLER
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: February 1, 2019