# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RAY HICKS,<br>　　　　Petitioner,<br><br>　　v.<br><br>JOHN E. WETZEL, Secretary, Pennsylvania Department of Corrections; ROBERT GILMORE, Superintendent of the State Correctional Institution at Greene; and MARK GARMAN, Superintendent of the State Correctional Institution at Rockview,<br>　　　　Respondents. | No. 1:17-CV-1969<br><br>(Chief Judge Conner)<br><br>THIS IS A CAPITAL CASE |

**PETITIONER'S RENEWED MOTION FOR AN ORDER DIRECTING THE DEPARTMENT OF CORRECTIONS TO ALLOW COUNSEL TO PROVIDE HIM CONFIDENTIAL LEGAL DOCUMENTS IN A MANNER THAT DOES NOT VIOLATE ATTORNEY/CLIENT PRIVILEGE**

Petitioner, Charles Ray Hicks, through counsel, respectfully requests an Order directing the Department of Corrections to allow counsel to provide him confidential legal documents in a manner that does not violate attorney/client privilege. In support thereof, Petitioner states the following:

1. On February 1, 2019, Petitioner filed his federal habeas petition. Doc. 27. Petitioner has a pending motion, requesting that portions of that petition be filed under seal, to protect the privacy interests of the decedent and of Mr. Hicks and his family. Doc. 30.

2.     Current Department of Corrections policies prevent counsel from providing a copy of the final, filed federal habeas petition and related documents filed on February 1, 2019 (Docs. 25, 26, 28, 29, 30) to Petitioner in a manner that preserves the attorney/client privilege and the privacy interests counsel seeks to protect in the motion to seal.

3.     As demonstrated in prior submissions to this Court (Doc. 9, 10, 11, 13, 14, 15, 16), the DOC repeatedly obstructed counsel's ability to confidentially communicate with Mr. Hicks during the preparation of the habeas petition. Briefly, on August 29, 2018, the DOC went into a lockdown and stopped processing all mail. On September 10, 2018, the lockdown was lifted, but the DOC implemented a new procedure for processing legal mail that fails to preserve Mr. Hicks' attorney/client privilege. *See* Doc. 9, Exhibit A, ¶¶ 15-16.

4.     On September 24, 2018, SCI-Greene (where Mr. Hicks is housed) informed counsel that she would not even be permitted to bring 150-200 pages of legal documents (at that time, the draft habeas claims) into the prison to review with Mr. Hicks, despite the fact that all death-row visits are non-contact, through glass. *See* Doc. 11 at 2.

5.     On October 3, 2018, the DOC issued a new policy statement and procedures regarding the processing of mail, codifying its new legal mail policy that fails to preserve attorney/client privilege. *See* Doc. 15, Exhibit A (DC-ADM 803).

6. On October 29, 2018, counsel was informed by SCI-Greene that the prison had changed its policy regarding legal visits and attorneys were now permitted to bring legal materials to the visit to review with death-row clients at that institution. However, at that time, the prison denied counsel's request to provide Mr. Hicks a copy of any legal materials during the visit.

7. On October 31, 2018, counsel traveled from Harrisburg to SCI-Greene to visit Mr. Hicks (approximately eight hours, round trip, by car). The prison allowed counsel to bring draft claims into the visit, which she then attempted to review with Mr. Hicks. As described in Docs. 13 & 15, it quickly became apparent to counsel that a consultation process in which her client is denied the ability to have a copy of the document in his possession is inadequate.

8. On October 30, 2018, two lawsuits were filed in the United States District Court for the Middle District of Pennsylvania challenging the constitutionality of the mail new policy. *See Hayes v. Wetzel, et. al*, 1:18-cv-02099-JEJ-EBC (M.D. Pa.); *Pennsylvania Institutional Law Project, et. al, v. Wetzel, et. al*, 1:18-cv-02100-JEJ-EBC (M.D. Pa.). A hearing on civil counsel's motion for preliminary injunction is scheduled to begin on February 19, 2019. *Id.*

9. On November 6, 2018, undersigned counsel filed a Motion for an Order Directing the Department of Corrections to Allow Counsel to Provide Him a

Confidential Legal Document in a Manner that Does Not Violate Attorney/Client Privilege.  Doc. 15.

10. In that Motion, counsel explained at length how the DOC's policies had prevented her from providing her client any written confidential legal materials, thereby preventing him from adequately consulting with counsel in the preparation of his federal habeas petition and denying him his constitutional right of access to the courts.  Docs. 15, 16.

11. After discussions with counsel for the DOC, undersigned counsel was able to provide Mr. Hicks documents during a December 10, 2018 legal visit.  Doc. 23 at 5.  Based upon her conversations with DOC counsel and her experience during the December 10 legal visit, counsel withdrew her Motion for an Order Directing the Department of Corrections to Allow Counsel to Provide Him a Confidential Legal Document in a Manner that Does Not Violate Attorney/Client Privilege.  Doc. Doc. 22.

12. On January 4, 2019, counsel visited Mr. Hicks again and provided him additional documents.  On both dates (December 10, 2018 and January 4, 2019), Mr. Hicks was permitted to retain the original documents that counsel provided him.

13. On January 23, 2019, counsel visited Mr. Hicks again, seeking to provide him one last document to review prior to the February 1, 2019 filing deadline.  On that date, counsel was informed by DOC staff in the visitation room

that the policy had changed and any documents that counsel wished to provide a client during a legal visit would now be processed in accordance with the DOC legal mail policy.  Visitation room staff explained that this meant that, during the legal visit, DOC staff would take the client from the visitation room to the legal mail processing room; copy the document while on video camera; provide the client with the copy; and retain the original for 60 to 90 days in a sealed container until it was picked up by "Shred It."  However, because counsel did not have prior notice of this change in policy, visitation room staff allowed her to provide the original document to her client during the January 23 visit without following the legal mail procedures.

14.   A subsequent conversation with DOC counsel confirmed that the new DOC policy is to process documents exchanged during a legal visit in accordance with the legal mail policy with one distinction: during a legal visit, counsel has the option of requesting that the original document be returned to counsel after copying.

15.   Mr. Hicks is entitled to a complete, unredacted copy of the final habeas petition and related documents that were filed on February 1.  Because of the DOC's current legal mail and document exchange policies, counsel is unable to provide him that copy of those filed documents in a manner that protects the attorney/client privilege and the sensitive nature of the information in the habeas petition that Petitioner seeks to seal in this Court.

16. Thus, Mr. Hicks requests that this Court enter an Order directing the DOC to allow counsel to provide Mr. Hicks a copy of the complete, unredacted filed habeas petition and related documents in a manner that does not violate the attorney/client privilege. It is counsel's understanding that no narcotics were introduced into the DOC by attorneys using legal mail. *See Hayes v. Wetzel*, 1:18-cv-02099, Doc. 1 at 14 (M.D. Pa.). Thus, counsel suggests that the security of the institution would be preserved if the institution were to simply open Mr. Hicks' confidential legal mail in his presence and provide him with the original of his confidential legal mail, as it had done prior to the lockdown.

17. Counsel also suggests that the DOC has less intrusive methods available – that do not involve photocopying and maintaining original documents – to screen paper products for narcotics. For example, DOC recently announced that inmates will be able to receive donated books, new books, and magazines after they are processed through a secured facility in Bellefonte. *See* Doc. 15, Exhibit C (DOC Press Release, Department of Corrections Announces Book, Publications Policy, Nov. 1, 2018). Although the Press Release does not detail the processing method, Mr. Hicks believes the DOC plans to use drug sniffing dogs. *See* Doc. 15, Exhibit C (Mark Scolfaro, Staff drug exposure problem prompts prisons to screen books, www.pennlive.com, Oct. 19, 2018 (describing DOC plan to use drug sniffing dogs to clear donated books for entry into the institutions)).

18.     In addition, the DOC has a drug scanning process at the visiting area at SCI Greene used to scan visitors, including legal visitors for non-contact visits. The institution can scan (and has scanned) documents in counsel's presence and, once cleared, the documents could be provided to Mr. Hicks through a document exchange. As the documents would have been scanned and cleared, there would be no safety reason to prevent Mr. Hicks from keeping the documents and reviewing them in his cell so that an adequate attorney/client consultation can occur at a later date.

19.     In light of these considerations, Mr. Hicks requests that this Court order the DOC to either 1) allow counsel to mail Mr. Hicks confidential legal documents using the previous legal mail procedures in which the mail is opened in the inmate's presence and the originals are provided to him without the DOC photocopying, scanning, or otherwise recording or storing the documents; or 2) allow counsel to give Mr. Hicks the confidential legal documents during a legal visit and allow Mr. Hicks to keep those confidential legal documents for review in his cell without the DOC photocopying, scanning, or otherwise recording or storing the documents.

WHEREFORE, for these reasons and those presented in the accompanying Brief in Support, Mr. Hicks, through counsel, respectfully requests that this Honorable Court grant his Motion for an Order Directing the Department of Corrections to Allow Counsel to Provide Him Confidential Legal Documents in a Manner that Does Not Violate Attorney/Client Privilege.

Respectfully submitted,

s/Kelly D. Miller
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)


Dated:  February 4, 2019

**CERTIFICATE OF SERVICE**

I, Kelly D. Miller, hereby certify that on this date I caused the foregoing document to be served on the following person at the location and in the manner indicated below, which satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST CLASS MAIL

E. David Christine, Jr.
District Attorney
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360
dchristine@monroecountypa.gov

VIA ECF

Abby N. Trovinger
Assistant Counsel
Department of Corrections, Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
atrovinger@pa.gov

/S/ KELLY D. MILLER
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: February 4, 2019