# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

CHARLES RAY HICKS,
         Petitioner,

     v.

JOHN E. WETZEL, Secretary, Pennsylvania Department of Corrections; ROBERT GILMORE, Superintendent of the State Correctional Institution at Greene; and MARK GARMAN, Superintendent of the State Correctional Institution at Rockview,
         Respondents.

_____

No. 1:17-CV-1969

(Chief Judge Conner)

THIS IS A CAPITAL CASE

**BRIEF IN SUPPORT OF PETITIONER'S MOTION FOR AN ORDER DIRECTING THE DEPARTMENT OF CORRECTIONS TO ALLOW COUNSEL TO PROVIDE HIM CONFIDENTIAL LEGAL DOCUMENTS IN A MANNER THAT DOES NOT VIOLATE ATTORNEY/CLIENT PRIVILEGE**

Petitioner, Charles Ray Hicks, through counsel, respectfully submits his Brief in Support of his motion for an order directing the Department of Corrections to allow counsel to provide him confidential legal documents in a manner that does not violate attorney/client privilege.

## INTRODUCTION

On July 20, 2018, this Court issued an Order directing Mr. Hicks to file his Habeas Petition on or before October 2, 2018. Doc. 8. As outlined in the Motion, beginning on August 29, 2018, when the DOC went into a lockdown and stopped

processing all mail, and through and including this date, the DOC has implemented different, sometimes un-noticed policies that prevented counsel from providing documents to Mr. Hicks in a manner that preserved the attorney/client privilege and confidential communications.  While there was a brief time in which counsel was able to provide documents to Mr. Hicks through a document exchange during a legal visit (without incident), as noted in the Motion, that procedure has once again abruptly changed to a process that neither preserves nor protects Mr. Hicks' right to confidential attorney/client communications and consultations or his right to access to the courts.  Also as noted in the Motion, the materials counsel seeks to provide Mr. Hicks are of a highly sensitive nature, containing information that counsel has moved to file under seal with this Court, implicating his (and others') right to privacy.

In light of these circumstances, Mr. Hicks respectfully requests this Court enter an Order directing the Department of Corrections to allow counsel to provide him confidential legal documents in a manner that does not violate attorney/client privilege.

### ARGUMENT

It is well-settled that "quality legal representation is necessary in capital habeas corpus proceedings in light of 'the seriousness of the possible penalty and ... the unique and complex nature of the litigation.'" *McFarland v. Scott*, 512 U.S. 849,

855 (1994) (citations omitted).  Axiomatic to "quality" representation under the Sixth Amendment is the ability to maintain meaningful, private consultation.  *E.g. Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) ("contact with an attorney and the opportunity to communicate privately is a vital ingredient to the effective assistance of counsel and access to the courts"); *Dreher v. Sielaff*, 636 F.2d 1141, 1146 (7th Cir. 1980) ("an inmate's opportunity to confer with counsel is a particularly important constitutional right which the courts will not permit to be unnecessarily abridged").

Likewise, "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  Prisons violate these fundamental rights where prisoners are not afforded "adequate, effective, and meaningful" access to the courts.  *Id.* 430 U.S. at 822.  Thus, "access to counsel assured by the Sixth Amendment is essential" to preserve the constitutional right to access to the courts. *Mann v. Reynolds*, 46 F.3d 1055, 1059 (10th Cir. 1995).

In addition, as noted in the Motion, the documents counsel seeks to provide to Mr. Hicks contain sensitive information counsel has moved to file under seal because that information implicates his, and others', right to privacy.  *See*, *e.g.*, *Doe v. Delie*, 257 F. 3d 309, 315 (3d Cir. 2001).

While prisons are afforded deference in implementing regulations to ensure the security of inmates and staff, (*see Bell v. Wolfish*, 441 U.S. 520, 551 (1979)),

3

restrictions on an inmate's constitutional rights must be "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The rationale behind the restriction must be "legitimate" and "neutral." *Id*. A restriction is not reasonable when "the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational." *Id*. *See also Sturm v. Clark*, 835 F.2d 1009, 1014 (3d Cir. 1987) ("there must be a valid rational connection between the prison regulation and the legitimate governmental interest put forward to justify it") (*citing Turner*); *Wolf v. Ashcroft*, 297 F.3d 305, 307 (3d Cir. 2002) (same).

As described in the Motion, there exists reasonable alternatives to the procedures currently implemented by the DOC that have not, and will not, result in any risk to prison staff or inmates. The DOC's current procedures, and its abrupt changes in those procedures – despite the absence of any indication that reasonable procedures created a risk of passing drugs into the institution – violate Mr. Hicks' First, Sixth and Fourteenth Amendment rights.

WHEREFORE, for these reasons and those presented in the Motion, Mr. Hicks, through counsel, respectfully requests that this Honorable Court grant his *Motion for an Order Directing the Department of Corrections to Allow Counsel to Provide Him Confidential Legal Documents in a Manner that Does Not Violate Attorney/Client Privilege*.

Respectfully submitted,

s/Kelly D. Miller
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
Federal Public Defender for the
Middle District of Pennsylvania
Capital Habeas Unit
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
(717) 782-3843
(kelly_miller@fd.org)


Dated:  February 4, 2019

## CERTIFICATE OF SERVICE

I, Kelly D. Miller, hereby certify that on this date I caused the foregoing document to be served on the following person at the location and in the manner indicated below, which satisfies the requirements of the Federal Rules of Civil Procedure:

VIA FIRST-CLASS MAIL

E. David Christine, Jr.
District Attorney
Monroe County District Attorney's Office
610 Monroe Street, Suite 126
Stroudsburg, PA 18360
dchristine@monroecountypa.gov

VIA ECF

Abby N. Trovinger
Assistant Counsel
Department of Corrections, Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
atrovinger@pa.gov

*/s/ Kelly D. Miller*
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Suite 300
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: February 4, 2019