IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RAY HICKS, | : | |
| Petitioner | : | No. 1:17-cv-01969 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| | : | CAPITAL CASE |
| JOHN E. WETZEL, Secretary, *et al.*, | : | |
| Defendants | : | Filed Via Electronic Case File |

## CORRECTIONS DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS

### Statement of the Case

Petitioner is an inmate in the capital case unit of the Pennsylvania State Correctional Institute at Greene. He filed the above case against several officials of the PA Department of Corrections ("Department").

On February 4, 2019, Plaintiff filed a motion to stay the federal habeas corpus action listed above. He also filed a motion seeking an order from the court directing the Department of Corrections to permit counsel to provide original copies of the filings to the Petitioner. Petitioner alleges that he is entitled to "a complete, unredacted copy" of documents related to his court action, and claims that he cannot adequately communicate with his attorney or have access to the courts.

On October 3, 2018 the Department implemented significant changes to its DC-ADM 803 ("Inmate Mail and Incoming Publications") policy in response to

escalating drug problems in Pennsylvania's state prisons. The new policy, in addition to other changes, has altered the protocols for handling inmate incoming legal mail sent by inmates' attorney and the courts. Regarding these changes, litigation is pending before this Court before the Honorable Judge John E. Jones III concerning a challenge to the same Department policy at *Hayes/PILP v. Wetzel, et al*, No. 18-2100. The case is counseled and a preliminary injunction hearing is scheduled to begin on February 19, 2019.

Consistent with the policy changes above, and as mentioned by Petitioner's counsel in her related motion, the Department is making other changes to prohibit original documents from entering the state prisons. As such, documents brought to an institution by an attorney for an incarcerated client will be copied by the attorney at the prison at a designated copier. The copy will be provided to the inmate in a sealed opaque envelope. The attorney will retain the original. These changes could be directly affected by the pending litigation of *Hayes/PILP v. Wetzel*.

## **Statement of Question Presented**

I. Should this Court stay this case for purposes of judicial economy?

    Suggested Answer:  Yes.

## **Argument**

I. This Court should stay this case for purposes of judicial economy.

As the Third Circuit stated in *Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207, 1215 (3d Cir. 1976):

A United States district court has broad power to stay proceedings:

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254-55, 81 L. Ed. 153, 57 S. Ct. 163 (1936) (Cardozo, J.). In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues. *Cf. American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215, 81 L. Ed. 605, 57 S. Ct. 377 (1937).

Since there is outstanding litigation on the same issue raised in Petitioner's motion, any decision made on the legality of the new DOC policy in Hayes/*PILP v. Wetzel, et al.* will likely control here. Therefore, it is prudent to stay the issue in this case. Such a method of administration serves the purpose of judicial economy.

## Conclusion

For the foregoing reasons, it is respectfully requested that this Court grant the motion to stay proceedings pending disposition of *Hayes/PILP v. Wetzel*.

    Respectfully submitted,

    Office of General Counsel

    By:  /s/ Abby N. Trovinger

|  |  |
|---|---|
|  | Abby N. Trovinger, Assistant Counsel |
|  | Attorney ID No. PA308329 |
|  | Pa. Department of Corrections |
|  | 1920 Technology Parkway |
|  | Mechanicsburg, PA 17050 |
| Dated: February 13, 2019 | 717.728.7763 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RAY HICKS, | : | |
| Plaintiff | : | Civil Action No. 1:17-cv-01969 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| | : | |
| JOHN E. WETZEL, Secretary, *et al.*, | : | |
| Defendants | : | Filed Via Electronic Case File |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing Defendants' Motion to Stay Proceedings by first-class mail addressed as follows:

Kelly D. Miller, Esquire
Asst. Federal Public Defender
**Federal Public Defender for the**
**Middle District of Pennsylvania**

By: /s/ Abby N. Trovinger
Abby N. Trovinger
Assistant Counsel
Attorney I.D. No. PA 308329
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7743

Dated: February 13, 2019    Email: atrovinger@pa.gov