# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES RAY HICKS,** | : | No. 1:17-CV-1969 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN E. WETZEL**, Secretary, Pennsylvania Department of Corrections; **ROBERT GILMORE**, Superintendent of the State Correctional Institution at Greene; and **MARK GARMAN**, Superintendent of the State Correctional Institution at Rockview, | : | THIS IS A CAPITAL CASE |
| Respondents. | : | |

## **MEMORANDUM**

Presently pending before the Court is petitioner Charles Ray Hicks' motion to stay these federal proceedings or, in the alternative, dismiss without prejudice to allow petitioner to exhaust federal claims for relief in state court. (Doc. 28.) Also before the Court is petitioner's motion to seal certain documents filed in support of the petition for writ of habeas corpus (Doc. 30), and petitioner's motion for an order directing the Department of Corrections to allow counsel to provide him with confidential legal documents in a manner that does not violate attorney/client privilege (Doc. 32). For the reasons that follow, the motion to stay (Doc. 28) will be denied and this case will be dismissed without prejudice.

## I. Background

This is a capital habeas proceeding brought by a Pennsylvania state prisoner. Following his convictions for first-degree murder and related counts, petitioner was sentenced to death on January 6, 2015, in the Court of Common Pleas of Monroe County, Pennsylvania. (Doc. 28.) Petitioner's convictions and sentence of death were affirmed by the Supreme Court of Pennsylvania on March 28, 2017. See Commonwealth v. Hicks, 156 A.3d 1114 (Pa. 2017). His petition for certiorari review was denied by the United States Supreme Court on October 2, 2017. Hicks v. Pennsylvania, No. 16-9657, Order (U.S. Oct. 2, 2017).

On October 27, 2017, petitioner filed a motion for leave to proceed *in forma pauperis* and for appointment of federal habeas corpus counsel. (Doc. 1.) On November 30, 2017, this Court granted the motion for leave to proceed *in forma pauperis*, appointed the Capital Habeas Unit of the Federal Defender Office for the Middle District of Pennsylvania to represent petitioner in his federal habeas proceedings, and ordered counsel to file a status report apprising the Court of the procedural posture of petitioner's state court proceedings and any other pertinent matters on or before May 29, 2018, and every 45 days thereafter. (Doc. 3.) Petitioner filed his status report on May 29, 2018, informing the Court that on February 6, 2018, petitioner filed an initial PCRA petition and an emergency motion for a stay of execution.[1] (Doc. 6.) On February 12, 2018, the Monroe County Court

---

[1] On January 18, 2018, Pennsylvania's Secretary of the Department of Corrections John Wetzel signed a warrant for petitioner's execution. (See Doc. 6.)

2

of Common Pleas entered an order that: (1) granted petitioner leave to proceed *in forma pauperis*, (2) stayed petitioner's execution through the conclusion of all PCRA proceedings, (3) appointed James Swetz, Esquire, to represent petitioner in his PCRA proceedings, and (4) directed an amended PCRA petition be filed on or before March 22, 2018. (Id.) On March 19, 2018, the Monroe County Court granted petitioner's request for an enlargement of time in which to file an amended PCRA petition until July 22, 2018. (See id.)

On July 13, 2018, petitioner filed a second status report informing the Court of the status of his state court proceedings and requesting that the Court enter an Order directing counsel to file a federal habeas petition on behalf of petitioner. (Doc. 7.) Based on the information presented in petitioner's second status report, on July 20, 2018, the Court issued an Order directing petitioner to file a habeas petition on or before October 2, 2018. (Doc. 8.) That Order also set forth a schedule for the remainder of these federal habeas proceedings. (Id.)

The Pennsylvania Department of Corrections implemented new legal mail and legal visit document exchange policies in September 2018 that allegedly prevented petitioner's counsel from engaging in privileged communications and consultations with petitioner. Therefore, the Court stayed these proceedings by Order dated November 20, 2018. (Doc. 21.) In a December 17, 2018 status report, counsel informed the Court that, after discussions with counsel for the DOC, petitioner's counsel was able to provide petitioner with documents during a December 2018 legal visit. (See Doc. 28 at 3) (citing Doc. 23 at 5). Thereafter, the Court issued an Order on December 18, 2018, lifting the stay of litigation and

3

granting petitioner's request for leave to file his habeas petition on or before February 1, 2019. (Doc. 24.)

On February 1, 2019, petitioner filed his petition for writ of habeas corpus. (Doc. 27.) Also on that day, petitioner filed the instant motion to stay these federal habeas proceedings to allow petitioner's counsel to exhaust federal claims in state court. (Doc. 28.) In the motion, petitioner informs the Court, *inter alia*, that petitioner's counseled amended PCRA petition is currently due on May 31, 2019. (Id.)

## II. Discussion

### A. Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

A petitioner filing for relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition. Pursuant to § 2254(b)(1)(A), the petitioner must give the state courts an opportunity to review allegations of error before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "An applicant shall not be deemed to have exhausted the remedies available in the

4

courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must have the first opportunity to decide a petitioner's claims).

AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2254(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 525 (2003). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2); see also Pace v. Diguglielmo, 544 U.S. 408 (2005).

Under Pennsylvania's Post-Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. Id. § 9545(b)(3).

B. **Hicks' Petition**

Although courts have routinely entered stays to permit petitioners to exhaust state post-conviction proceedings, the United States Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] purpose. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Rhines v. Weber, 544 U.S. 269, 277 (2005). Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-28; Heleva v. Brooks, 581 F.3d 187, 190 (3d Cir. 2009).

Unlike Rhines and Heleva, in the case at bar there is little concern that refusing to grant a stay in this matter will in any way prejudice petitioner's ability to seek federal habeas relief. The statute of limitations on petitioner's federal and state post-conviction proceedings began to run on October 2, 2017. On February 6, 2018, petitioner filed a petition for PCRA relief in the Monroe County Court of Common Pleas. See Commonwealth v. Hicks, No. CP-45-CR-0000391-2008 (Monroe Cnty. Comm. Pl.) Thus, the filing of petitioner's PCRA petition tolled the one-year federal limitations period. 28 U.S.C. § 2244(d)(2). Once petitioner exhausts his claims through the PCRA process, he will have 238 days remaining on his one-year

6

limitations period in which to file a timely federal habeas petition. Further, the Court notes that PCRA proceedings in capital cases typically take years to litigate and petitioner has not shown why this case should be stayed for all that time. It should be noted that petitioner has state-appointed counsel representing him in the PCRA proceedings. And finally, in capital cases such as this one, this Court generally gives counsel ample time to file a federal habeas petition after the commencement of the case and will grant extensions of time when necessary. Thus, if and when petitioner returns to this Court to litigate his federal habeas claims and seeks to file an amended habeas petition, his counsel will have sufficient time to prepare such a petition.

In sum, because there is no real danger that refusing to grant a stay of these federal proceedings will result in his federal claims becoming time barred, the Court will deny petitioner's motion to stay these federal habeas proceedings and dismiss the case without prejudice. See Woodard v. Wetzel, No. 3:16-CV-02262 (M.D. Pa. Nov. 14, 2017) (granting motion to dismiss without prejudice and directing the petitioner to exhaust state remedies expeditiously); Mattison v. Wetzel, No. 1:14-CV-02042, 2015 WL 8959411 (M.D. Pa. Dec. 16, 2015) (granting motion to dismiss without prejudice in order to exhaust claims in state court where 354 days remained to timely file federal habeas petition); Briggs v. Wetzel, No. 3:11-CV-02156, 2015 WL 5664965 (M.D. Pa. Sept. 24, 2015) (granting unopposed motion to dismiss without prejudice where 87 days remained to timely file federal habeas petition); Parrish v. Wetzel, No. 1:14-CV-00966, 2015 WL 3441965 (M.D. Pa. May 28, 2015) (denying stay of federal proceedings where 262 days remained to timely file federal habeas

petition); Chamberlain v. Wetzel, No. 1:12-CV-01271, 2013 WL 6328093 (M.D. Pa. Dec. 5, 2013) (granting motion to dismiss habeas petition without prejudice in order to exhaust claims in state court where 250 days remained to timely file federal habeas petition), Dowling v. Beard, No. 3:06-CV-02085, 2012 WL 6091572 (M.D. Pa. Dec. 7, 2012) (lifting stay of federal proceedings and stay of execution where 252 days remained to timely file federal habeas petition); Dick v. Wetzel, No. 1:10-CV-00988, 2012 WL 5966538 (M.D. Pa. Nov. 29, 2012) (denying stay of federal proceedings where 286 days remained to timely file federal habeas petition); Frey v. Beard, No. 1:07-CV-00260, 2012 WL 5845548 (M.D. Pa. Nov. 19, 2012) (lifting stay of federal proceedings and stay of execution where 228 days remained to timely file federal habeas petition).

## III. Conclusion

Because petitioner is afforded ample time to return to this Court after he exhausts his state collateral claims, he has failed to satisfy the good cause requirement under Rhines for the issuance of a stay and abeyance order. Consequently, the Court will deny petitioner's motion to stay these federal proceedings and will dismiss this case without prejudice to allow petitioner to exhaust his federal claims in state court. (Doc. 28.) In addition, because the Court will deny the motion to stay, petitioner's motion to seal (Doc. 30) will be denied as moot, and the Court will direct the Clerk of Court to return all documents pending a sealing decision to the custody of petitioner's counsel. Further, petitioner's motion for an order directing the Department of Corrections to allow counsel to provide him confidential legal documents in a manner that does not violate attorney/client

8

privilege (Doc. 32) and the associated motion to stay that motion (Doc. 37) will be denied, as action on those motions is more appropriate in state court. A certificate of appealability will be denied. An Order consistent with this memorandum follows.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania